JUDGE BULLITT
delivered the opinion op the court:
Barker sued Barbaroux upon his note for $200, dati d January 6, 1«60, payable ninety-five days thereafter, to the order of E. Ho brook, and assigned by him to Durkee, Heath & Co., and by them to Barker.
Barbaroux answered, pleading as a set-off Holbrook’s note to him for $504, dated January 6, 1860, and payable four months after date.
Barker filed a reply, stating that on the 6th January, I860, *48 cilid. BSoT 1)cirOua "xTiC o C/TiU OUClLV^U. «.«.Ok it appeared that Holbrook’s account against Barbaroux amounted to $2,519.43, and Barbaroux’s account against Hol-brook to $1,309.23 ; that, instead of settling the balance due to Holbrook, Barbaroux gave his notes to Holbrook, foi $2,319 43, including the one sued upon, and Holbrook gave his notes to Barbaroux for $1,309.23, including the one pleaded as a set-off ; that they gave said notes to each other “ for the purpose of financiering and raising money thereon;” that it was expressly agreed that Holbrook might sell and use said notes in his business, to any person, or at any place, except at five banks named in the reply ; and that, soon afterward, and before the note sued on matured, Holbrook assigned it to Dur-kec, Heath & Co., in payment of a debt he owed them, and that tljoy received it without notice of the alleged set-off.
Upon the trial, Holbrook, having been released from liability as endorser, proved the facts above mentioned, and also proved that when the notes were executed Barbaroux wrote and handed to him a memorandum saying: “you can use my notes anywhere (if you can,) except at Quigley, L, & Co., Shreve & Tucker’s, Bank of Ky., Bank L., and Northern Bank.” A few days after transferring said note Holbiook failed in business.
The law and facts having been submitted to the court, a judgment was rendered against Barbaroux lor the amount of the note sued on, from which he appealed.
1. It is contended that the new matter set forth in the reply is inconsistent with the petition, and that the reply is therefore fatally defective under section 138 of the Code, which authorizes a plaintifi, in his reply, to “ allege, in concise language, any new matter not inconsistent with the petition, constituting a defense to the counter-claim or set-off.”
In our opinion this objection cannot prevail. The matter of the reply is supplemental to the petition, and not at all inconsistent therewith. Under the old practice supplemental matter, in avoidance of a plea, was set forth in a reply, and not by amending the declaration ; for example, to a plea of infancy or of the statute of limitations, a promise, after the infant *49 became of age, or during the period of limitation, was set forth by replication. Now, in such cases, the Code does not authorize a reply, but it permits a reply to a counter-claim or set-off ; and the reply may contain any matter of avoidance which might formerly have been set forth by replication, provided it is not inconsistent with the petition.
. Moreover, if the reply had contained matter inconsistent with the petition, the defendant should have objected to the filing of it, or have moved to strike out the inconsistent mat ter; and having failed to do so, he cannot raise the objection here.
2. As the evidence authorized the inlerence, that Holbrook, as between him and Barbaroux, had a right to use the notes to pay precedent debts, or for raising money by negotiation, 'we are not able to perceive any material distinction between this case and that of Gano vs. Finnell, 13 B. Mon., 390.
In such cases the payor is bound, because his plea of a want or failure of consideration would be a fraud upon the holder. The principle applies to every case in which the note has been given to enable the payor to raise money or pay his debts. The fact that the payor had some additional motive for giving the note, concerning which he has beerf disappointed, cannot justify him in defrauding the holder.
If the note, in Gano vs. Finnell, had been given, as contended by counsel, for the sole purpose of enabling the payee to raise money, and without any other consideration, the law would have implied a contract on the part of the payee to indemnify the payor, which would have been as binding as an express contract to pay the amount of the note to the payor in money or property. Yet it is conceded that in such cases the payor is bound to a bona fide holder, though not indemnified by the payee. But in Gano vs. Finnell the note was given, not merely to enable the payee to raise money, but under an agreement, that, before its maturity, the payee should furnish its value in whiskey to the payor, if he should elect to take the same, and if he should elect not to take the whiskey then that the payee should take up the note. The payor elected to *50 take the whiskey; the payee failed to deliver it, or to take up the note ; and yet the payor was held liable to the holder.
Conceding therefore that the note sued on was given by Barbaroux to enable Holbrook to raise money or pay debts, and in consideration of Holbrook’s note to him for a similar amount, our opinion is that Barbaroux cannot set-off the latter note against the former.
3. But to the extent of $1,210.23, being the balance due to Holbrook, there was a valid consideration for Barbaroux’s notes. How many of the notes Holbrook negotiated does not appear by averment or proof. We cannot assume that he negotiated any except the one sued on by Barker. If he negotiated none other, or not more than amounted to $1,210.23, Barboroux has no defense to the note sued on even as against Holbrook.
The judgment is affirmed.