JUD6E BULLITT
delivered the opinion op the court:
Thomas Ward, owning land in which his wife, the appellant, had a potential right of dower, agreed to sell it to one Hudson for $1,156; Hudson to pay $300 down, and to give his three notes for $285,66 each for the residue.
. The conveyance having been prepared, the clerk of the county court, at the request of Ward and Hudson, called on Mrs. Ward to sign and acknowledge it; but she refused to do so, unless Ward would give her one of said notes. Ward then agreed to assign said note to her for her separate use, and delivered it to her with this endorsement: “I assign the-within note to Catharine Ward for satisfactory consideration. Dec. 29, 1859. Thomas Ward.”
After the note had been delivered to her, she signed and acknowledged the deed.
In 1861 Crotty and other creditors of Ward obtained attachments against his property, upon affidavits authorizing such proceedings, and sought to subject the note assigned to Mrs. Ward.
She, by answer and cross-petition, asserted her claim to said note, and alleged and proved the facts above stated. The court below dismissed her cross-petition, from which order she appealed.
That the release by a wife of her potential right of dower forms a valuable consideration, sufficient to sustain a settlement upon her by her husband, even against his creditors, is too well settled to require any citation of authorities.
It is contended that the judgment should be affirmed because the assignment of the note was not made to a trustee for Mi's. Ward, nor expressed to be for her separate use ; and also because the assignment was not recorded.
*61 We are satisfied that Ward’s agreement to transfer the note for the separate use of his wife, was binding in equity, and might, upon her application, have been specifically enforced against him. (Livingston vs. Livingston, 2 John. C. R., 537; Garlick vs. Strong, 3 Paige, 440 ; Marshall vs. Hutchinson, 5 B. Mon., 298 ; McCann vs. Letcher, 8 B. Mon., 320 ; Athurly on Marriage Settlements, 161 ; 2 Kent's Com., 166.
The creditors, by their attachments, acquired only an equitable claim upon the note. Her equity being prior to theirs must prevail.
Whether or not section 11, chapter 24, of the Revised Statutes, applies to an assignment of a chose in action, or a conveyance to a married woman for her separate use, we need not decide; because, even conceding that it does, the statute does not avoid an unrecorded assignment in behalf of creditors, having notice thereof before the acquisition of a legal title to the property. (Forepaugh vs. Appold, 17 B. Mon., 625.)
It appears that some of Ward’s debts were contracted before the assignment, and some alterwards. Against the subsequent creditors Mrs. Ward is entitled to the note. Against the prior creditors she is entitled to the value of her potential right of dower, at the time she released it, with interest. The residue, if any, due upon the note, should, if necessary, go to Ward’s prior creditors. (Garlick vs. Strong, supra.)
The judgment is reversed, and the cause remanded for further proceedings, not inconsistent with this opinion.