JOHN OSBORNE *vs.* CHARLES H. MORGAN & others.

Worcester. Oct. 6, 1880. — Jan. 10, 1881. COLT & MORTON, JJ., absent.

One servant is liable to an action by another servant in the employment of the same master for damages occasioned by the negligence of the first in such employment.

GRAY, C. J. The declaration is in tort, and the material allegations of fact, which are admitted by the demurrer, are that while the plaintiff was at work as a carpenter in the establishment of a manufacturing corporation, putting up by direction of the corporation certain partitions in a room in which the corporation was conducting the business of making wire, the defendants, one the superintendent and the others agents and servants of the corporation, being employed in that business, negligently, and without regard to the safety of persons rightfully in the room, placed a tackle-block and chains upon an iron rail suspended from the ceiling of the room, and suffered them to remain there in such a manner, and so unprotected from falling, that by reason thereof they fell upon and injured the plaintiff. Upon these facts, the plaintiff was a fellow-servant of the defendants. *Farwell* v. *Boston & Worcester Railroad,* 4 Met. 49. *Albro* v. *Agawam Canal,* 6 Cush. 75. *Gilman* v. *Eastern Railroad,* 10 Allen, 233, and 13 Allen, 433. *Holden* v. *Fitchburg Railroad,* 129 Mass. 268. *Morgan* v. *Vale of Neath Railway,* 5 B. & S. 570, 736, and L. R. 1 Q. B. 149.

The ruling sustaining the demurrer was based upon the judgment of this court, delivered by Mr. Justice Merrick, in *Albro* v. *Jaquith*, 4 Gray, 99, in which it was held that a person employed in the mill of a manufacturing corporation, who sustained injuries from the escape of inflammable gas, occasioned by the negligence and unskilfulness of the superintendent of the mill in the management of the apparatus and fixtures used for the purpose of generating, containing, conducting and burning the gas for the lighting of the mill, could not maintain an action against the superintendent. But, upon consideration, we are all of opinion that that judgment is supported by no satisfactory reasons, and must be overruled.

The principal reason assigned was, that no misfeasance or positive act of wrong was charged, and that for nonfeasance, which was merely negligence in the performance of a duty arising from some express or implied contract with his principal or employer, an agent or servant was responsible to him only, and not to any third person. It is often said in the books, that an agent is responsible to third persons for misfeasance only, and not for nonfeasance. And it is doubtless true that if an agent never does anything towards carrying out his contract with his principal, but wholly omits and neglects to do so, the principal is the only person who can maintain any action against him for the nonfeasance. But if the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in the manner of executing it, so as not to cause any injury to third persons which may be the natural consequence of his acts ; and he cannot, by abandoning its execution midway and leaving things in a dangerous condition, exempt himself from liability to any person who suffers injury by reason of his having so left them without proper safeguards. This is not nonfeasance, or doing nothing; but it is misfeasance, doing improperly. Ulpian, in Dig. 9, 2, 27, 9. *Parsons* v. *Winchell*, 5 Cush. 592. *Bell* v. *Josselyn*, 3 Gray, 309. *Nowell* v. *Wright*, 3 Allen, 166. *Horner* v. *Lawrence*, 8 Vroom, 46. Negligence and unskilfulness in the management of inflammable gas, by reason of which it escapes and causes injury, can no more be considered as mere nonfeasance, within the meaning of the rule relied on, than negligence in the control of fire, as in the case in

the Pandects; or of water, as in *Bell* v. *Josselyn*; or of a draw-bridge, as in *Nowell* v. *Wright*; or of domestic animals, as in *Parsons* v. *Winchell*, and in the case in New Jersey.

In the case at bar, the negligent hanging and keeping by the defendants of the block and chains, in such a place and manner as to be in danger of falling upon persons underneath, was a misfeasance or improper dealing with instruments in the defendants' actual use or control, for which they are responsible to any person lawfully in the room and injured by the fall, and who is not prevented by his relation to the defendants from maintaining the action. Both the ground of action and the measure of damages of the plaintiff are different from those of the master. The master's right of action against the defendants would be founded upon his contract with them, and his damages would be for the injury to his property, and could not include the injury to the person of this plaintiff, because the master could not be made liable to him for such an injury resulting from the fault of fellow-servants, unless the master had himself been guilty of negligence in selecting or employing them. The plaintiff's action is not founded on any contract, but is an action of tort for injuries which, according to the common experience of mankind, were a natural consequence of the defendants' negligence. The fact that a wrongful act is a breach of a contract between the wrongdoer and one person does not exempt him from the responsibility for it as a tort to a third person injured thereby. *Hawkesworth* v. *Thompson*, 98 Mass. 77. *Norton* v. *Sewall*, 106 Mass. 143. *May* v. *Western Union Telegraph*, 112 Mass. 90. *Grinnell* v. *Western Union Telegraph*, 113 Mass. 299, 305. *Ames* v. *Union Railway*, 117 Mass. 541. *Mulchey* v. *Methodist Religious Society*, 125 Mass. 487. *Rapson* v. *Cubitt*, 9 M. & W. 710. *George* v. *Skivington*, L. R. 5 Ex. 1. *Parry* v. *Smith*, 4 C. P. D. 325. *Foulkes* v. *Metropolitan Railway*, 4 C. P. D. 267, and 5 C. P. D. 157. This case does not require us to consider whether a contractor or a servant, who has completed a vehicle, engine or fixture, and has delivered it to his employer, can be held responsible for an injury afterwards suffered by a third person from a defect in its original construction. See *Winterbottom* v. *Wright*, 10 M. & W. 109; *Collis* v. *Selden*, L. R. 3 C. P. 495; *Albany* v. *Cunliff*, 2 Comst. 165; *Thomas* v.

*Winchester*, 2 Selden, 397, 408; *Coughtry* v. *Globe Woollen Co*. 56 N. Y. 124, 127.

It was further suggested in *Albro* v. *Jaquith*, that many of the considerations of justice and policy, which led to the adoption of the rule that a master is not responsible to one of his servants for the injurious consequences of negligence of the others, were equally applicable to actions brought for like causes by one servant against another. The only such considerations specified were that the servant, in either case, is presumed to understand and appreciate the ordinary risk and peril incident to the service, and to predicate his compensation, in some measure, upon the extent of the hazard he assumes; and that " the knowledge, that no legal redress is afforded for damages occasioned by the inattention or unfaithfulness of other laborers engaged in the same common work, will naturally induce each one to be not only a strict observer of the conduct of others, but to be more prudent and careful himself, and thus by increased vigilance to promote the welfare and safety of all." The cases cited in support of these suggestions were *Farwell* v. *Boston & Worcester Railroad*, 4 Met. 49, and *King* v. *Boston & Worcester Railroad*, 9 Cush. 112, each of which was an action by a servant against the master; and it is hard to see the force of the suggestions as applied to an action by one servant against another servant.

Even the master is not exempt from liability to his servants for his own negligence; and the servants make no contract with, and receive no compensation from, each other. It may well be doubted whether a knowledge, on the part of the servants, that they were in no event to be responsible in damages to one another, would tend to make each more careful and prudent himself. And the mention by Chief Justice Shaw, in *Farwell* v. *Boston & Worcester Railroad*, of the opportunity of servants, when employed together, to observe the conduct of each other, and to give notice to their common employer of any misconduct, incapacity, or neglect of duty, was accompanied by a cautious withholding of all opinion upon the question whether the plaintiff had a remedy against the person actually in default; and was followed by the statement, (upon which the decision of that case turned, and which has been affirmed in subsequent cases, some of which have been cited at the beginning of this opinion,)

that the rule exempting the master from liability to one servant for the fault of a fellow-servant did not depend upon the existence of any such opportunity, but extended to cases in which the two servants were employed in different departments of duty, and at a distance from each other. 4 Met. 59–61.

So far as we are informed, there is nothing in any other reported case, in England or in this country, which countenances the defendants' position, except in *Southcote* v. *Stanley*, 1 H. & N. 247; *S. C.* 25 L. J. (N. S.) Ex. 339; decided in the Court of Exchequer in 1856, in which the action was against the master, and Chief Baron Pollock and Barons Alderson and Bramwell severally delivered oral opinions at the close of the argument. According to one report, Chief Baron Pollock uttered this dictum : "Neither can one servant maintain an action against another for negligence while engaged in their common employment." 1 H. & N. 250. But the other report contains no such dictum, and represents Baron Alderson as remarking that he was "not prepared to say that the person actually causing the negligence," (evidently meaning "causing the injury," or "guilty of the negligence,") "whether the master or servant, would not be liable." 25 L. J. (N. S.) Ex. 340. The responsibility of one servant for an injury caused by his own negligence to a fellow-servant was admitted in two considered judgments of the same court, the one delivered by Baron Alderson four months before the decision in *Southcote* v. *Stanley*, and the other by Baron Bramwell eight months afterwards. *Wiggett* v. *Fox*, 11 Exch. 832, 839. *Degg* v. *Midland Railway*, 1 H. & N. 773, 781. It has since been clearly asserted by Barons Pollock and Huddleston. *Swainson* v. *Northeastern Railway*, 3 Ex. D. 341, 343. And it has been affirmed by direct adjudication in Scotland, in Indiana, and in Minnesota. *Wright* v. *Roxburgh*, 2 Ct. of Sess. Cas. (3d series) 748. *Hinds* v. *Harbou*, 58 Ind. 121. *Hinds* v. *Overacker*, 66 Ind. 547. *Griffiths* v. *Wolfram*, 22 Minn. 185.

*Exceptions sustained.*

*G. F. Verry & H. L. Parker*, for the plaintiff.
*W. S. B. Hopkins & F. T. Blackmer*, for the defendants.