### * COLUMBUS AND TOLEDO RY. CO. v. SARAH O'BRIEN, ADM'X.

**1. MASTER LIABLE FOR INJURIES FROM CARELESSNESS OF CO-SERVANT.**

> A master is not liable to a servant in his employ for injuries resulting from the care-
> lessness of another servant, when both are engaged in a common service, and no
> power or control is given to the one over the other.

**2. AFTER WORK IS OVER SERVANT HAS RIGHTS OF THIRD PERSONS.**

> If the injured servant is not, at the time of the accident, engaged in the actual service
> of his master, or in some way connected with such service, the master is liable for
> the negligence of his employes. For this reason an employe of a railroad company,
> having left the train at the end of his day's work, and in walking home is run over
> at a street crossing, by reason of the negligence of his co-employes on the train, may
> recover. Not then being engaged in the service, he has the same rights as any
> person, and the rule that he takes the risk of negligence of co-servants does not
> apply.

ERROR to the Court of Common Pleas of Seneca county.

Sarah O'Brien, as administratrix of the estate of Patrick O'Brien, deceased,
sued the railroad company for damages for negligently causing the death of said
Patrick O'Brien.

The case was reviewed in the name of Alonzo Emerine, administrator *de bonis
non*.

The railroad company denied all negligence on its part, and claimed that
O'Brien was guilty of contributory negligence.

For further defense it was claimed that if O'Brien's death was caused by the
negligence of the servants of the railroad company, they were the fellow-servants
of O'Brien, engaged in a common employment with him, and hence the company
was not liable.

The case was tried to a jury and the plaintiff recovered a verdict. The railroad
company moved to set aside the verdict and for a new trial. The court over-
ruled the motion and rendered judgment for the plaintiff on the verdict.

To reverse the judgment of the court of common pleas, this petition in error
is prosecuted.

BEER, J.

Patrick O'Brien lived in Fostoria, through which city the railroad of the plain-
tiff in error runs north and south from Toledo to Columbus. Fremont street runs
east and west, crossing the track at nearly right angles. O'Brien lived on Fre-
mont street a few doors east of the railroad crossing. O'Brien was in the employ
of the railroad company at $45.00 a month as a section boss. He and his gang of
men were taken to Walbridge, near Toledo, on a construction train to repair a
bridge which had been damaged by high water. In the evening he and his men
returned to Fostoria on the same train, the train being run backwards. When
they arrived at the station at Fostoria they left the train, deposited their tools in
the car-house and left for their homes. O'Brien walked on the track or beside the
track to Fremont street, and there turned to go home to his supper. The train
upon which he had been carried from Walbridge was backed rapidly from the
station across Fremont street just as O'Brien was attempting to cross. The plain-

* This judgment was affirmed by the supreme court, without report, February 3, 1891.

tiff gave testimony tending to show that the train carried no lights, sounded no whistle, rung no bell, and that the night was dark. O'Brien was run over and killed.

Counsel for the railroad company claim that there can be no recovery in the action, because O'Brien was a fellow-servant engaged in a common employment with the other servants of the company who ran the construction train.

It is a well settled rule that a master is not liable to his servant for the negligence of a fellow-servant, while engaged in the same common employment, unless he has been negligent in the selection of his servant in fault. Railroad Co. v. Barber, 5 O. S., 541; Booth v. Hubbard, 8 O. S., 249; Railroad Co. v. Webb, 12 O. S., 475. The reason assigned for this rule is that a servant in bargaining for his wages, takes into account all the ordinary risks of the business upon which he enters, and obtains a compensation which, upon the average, covers these risks, among which are reckoned the negligence of fellow-servants. Railroad Co. v. Barber, 5 O. S., 541; 4 Met., 49; Shearman & Redfield on Negligence, sec. 88.

Does the rule apply in this case so as to defeat a recovery?

O'Brien had been at work for the company all day at Walbridge. He had returned at night to Fostoria on the construction train. He had left the train with his men, had seen them deposit their tools in the tool house. His day's work for the company was done. When he was run over and killed he was on his way home, at a street crossing on the public highway, not engaged in any service for the company. According to the rule above referred to he had taken upon himself all the risks of the business upon which he had entered, namely that of section boss, but when he was on the public highway on his way home after his day's work was done, he was not acting for the company within the scope of his employment as section boss. He was acting for himself and not as the employe of the railroad company. Under the circumstances he was no more the servant of the company than if he had been spading his garden or sleeping in his bed. He was a stranger, not an employe. To test the matter, suppose he had negligently ran against and injured a child while crossing the track on Fremont street, does any one suppose the railroad company would have sent an agent to hunt up the parent or guardian of the child to make settlement for the injury done? If suit had been brought against the company in such case to recover damages for the injury, could the plaintiff have succeeded? Certainly not. The defense that O'Brien was not acting within the scope of his employment at the time he was guilty of the negligence complained of, would be complete. If then he was not a servant to do an injury, he was not a servant to be injured.

In the case of Hutchinson v. R. R. Co., 5 Exch., Bramwell, B., among other things, says: "We do not think a master is exempt from responsibility to his servant for an injury occasioned to him by the act of another servant where the servant injured was not at the time of the injury acting in the service of his master. In such a case the servant injured is substantially a stranger, and entitled to all the privileges he would have had if he had not been a servant."

In the case of B. & O. R. R. Co. v. Trainer, 33 Md., 542, Trainer was employed and paid by the day. At six o'clock P. M., his day's work was ended, and on a day that he had been at work, but had finished his day and laid aside his tools, and was on his way home, the injury occurred. He had expected to resume his work the next morning. With these facts before it the court decided that at the time of the injury he could not be considered in the employment of the company.

In commenting upon this case in Abell v. R. R. Co., 63 Md., the court, p. 439, say: "The decision in Trainer's case proceeds upon the assumption that at the time of the injury he was not acting in the service of the company. His day's labor was over for the day, and although he expected to resume labor the next day, that when his day's work was over, he occupied toward the company the position of a stranger, and was entitled to all the privileges he would have had, if he had not been an employe."

The case of Abell v. R. R. Co., 63 Md., 433, is also a case in point. "Abell was employed by a railroad company as brakeman on a train running daily, Sundays excepted, from U. to B. and back. From Saturday evening until Monday morning this train remained at U. Abell was paid by the day, but was not paid for Sunday unless required for duty on that day. On Saturday evenings, with the permission of the conductor of his train, and after his work for the day was ended, he was in the habit of leaving U. on another train bound for B., with the intention of spending Sunday in B. with his family, and returning to U. in time to go out with his own train on Monday morning. On such occasions he was permitted to travel free of charge on a pass which the conductor of his train held for himself and his crew. On a Sunday, while thus riding to B. on the conductor's pass in a caboose car of a freight train of the company, Abell was killed by a collision with another train caused by the negligence of the employes of the company. In an action of damages brought by the wife of the deceased, it was held: that Abell at the time of the collision was not acting in the service of the company, but was substantially a stranger, and entitled to all the privileges he would have had if he had not been an employe."

To the same effect are O'Donnell v. R. R. Co., 59 Pa. St., 239, and Russell v. R. R. Co., 5 Duer, 39.

These cases all agree in this, that if the servant injured is not at the time of the accident engaged in the actual service of the company, or in some way connected with such service, the company is liable for the negligence of its employes. That because a servant works daily for the company, and is styled its employe, the company is not exempt from liability for the negligence of its other servants at all times, and under all circumstances. That the exemption depends upon actual service within the scope of his employment, or connected therewith, at the time of the injury.

Judgment affirmed.

J. A. Wilcox and N. L. Brewer, for plaintiff in error.

Seney & Shaufelberger, 'for defendant in error.