Ross, J.
The appellant brought this action against William P. Brock, George E. Brock, Robert F. Catterson and George N. Catterson, alleging, in substance, that William P. Brock was the owner of certain real estate in the city of Indianapolis, upon which was situated a dwelling house and other necessary out buildings, among which was a building used as a "water closet or privy"; that the Cattersons were employed as the agents of William P. Brock to look after and rent said dwelling, collect the rents, pay the taxes, and make the necessary repairs to keep the same in a tenantable condition; that on or about June 17, 1892, appellant rented said dwelling from the Cattersons and took immediate possession, and was still in such possession at the commencement of this action, August 24, 1892; that the sills and joists under the floor of said water closet "were rotted and decayed, and had not been replaced, examined or repaired for more than twenty years; all of which the said defendants (appellees) well knew, but plaintiff (appellant) was ignorant thereof"; that on the 31st day of July, 1892, while appellant was rightfully in the building, the floor broke through, injuring her, etc.
There are other allegations charging that it was the duty of the appellees to ascertain and know the condition of the building, and to keep it in suitable repair, etc., but we deem it unnecessary, in the determination of this case, to set them out.
The appellees William P. Brock and George E. Brock *509 did not appear, and the record does not show that process was ever served upon them.
The appellees, the Cattersons, filed a joint demurrer to the complaint, which was sustained by the court, and this ruling presents the only question for our consideration.
The contention of counsel is that the Cattersons, who were the agents of William P. Brock, were guilty of negligence in failing to make this building safe for the use for which it was intended; that i£their negligence was. misfeasance, and not mere nonfeasance.”
We think counsel’s contention untenable. An agent, while obeying the command or performing the service of the principal, is not justified in committing a tort, and if he does, not only the principal, but the agent, may be made to answer in damages therefor. But where a duty rests on the principal and not on the agent, its nonperformance by the latter creates no liability against him, if injury results. True he may owe a duty to the principal to faithfully discharge his duties as agent, but he owes no duty to others except that in the performance of -those duties he shall not do anything which will cause injury to them. If the agent fails to perform a duty which he owes to the principal, and by reason of such nonperformance or neglect of duty a third person sustains injury, no action can be maintained against the agent by such third person on account thereof. Mechen Agency, section 539; Bishop Noncontract Law, section 695; Crandall v. Loomis, 56 Vt. 664; 1 Am. and Eng. Encyc. of Law, 406, and cases cited.
Great confusion has apparently crept into many cases from a failure to observe the proper distinction between non-feasance and misfeasance. Non-feasance is the failure to do that which one by reason of his undertaking, and not because imposed upon him as a legal duty, he *510 agrees to do for another; that which is imposed upon him merely by 'virtue of his relation to his principal.
Misfeasance, on the contrary, may consist in failing to do that which is imposed as a duty, or in doing for another, in an improper manner, that which the principal ought to have done. As of the latter class would be where an agent actually undertakes and enters upon the performance of a certain work for the principal, in the execution of which it is his duty to use reasonable care in the manner of executing it, so as not to cause injury to others, and he can not, by failing to exercise such care, either while performing the work or by abandoning it in an uncompleted condition and leaving it unguarded or unsafe, exempt himself from liability to those who may suffer injury by reason of such negligence. Osborne v. Morgan, 130 Mass. 102.
This case, however, can not be said to be one of misfeasance, because the appellees, the Cattersons, were under no legal duty to keep the property in repair and safe for use, neither did they, in making the repairs, do so in a negligent manner. They simply neglected to perform for their principal the duty which he owed to his tenants. Their failure to do was merely a non-feasance and not a misfeasance.
The cases cited by counsel are all cases where the agent was held liable for misfeasance. In none of those cases did the court hold that the agent was liable for failing to perform a duty owing from the principal to another who was injured by reason of such neglect of duty. That when an agent owes a duty and one to whom the duty is owing is injured by reason of the failure to perform such duty, the agent is liable, does not admit of question, for he is liable for the result of his neglect to perform any duty devolving upon him in his individual character. Not so, however, when he is *511 simply the agent of the principal to perform the duty owing from the principal to others.
Filed Nov. 13, 1894;
petition for a rehearing overruled Jan. 30, 1895.
The complaint stated no cause of action against the appellees, the Oattersons.
Judgment affirmed.