DETERMINED IN·THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

MARCH TERM, 1903.

CHARLES J. O'BRIEN, DEFENDANT IN ERROR, v. JOHN
TRAYNOR, PLAINTIFF IN ERROR.

Argued March 3, 1903—Decided June 15, 1903.

1. When two persons are working together in a common employ-
ment, under circumstances which cast upon each a duty to take
care that his acts shall not do injury to the other, for a breach
of which duty an action will lie, the fact that both are engaged
in the common employment of the same master will not prevent
the one injured by the negligent act of the other from maintain-
ing an action therefor.

2. Exceptions were allowed to the exclusion of questions put by
defendant's counsel on cross-examination of a witness of plaintiff.
The bill of exceptions disclosed that the cross-examination was
pursued, and the witness afterward substantially answered the
excluded questions. *Held*, that whether the questions were errone-
ously excluded will not be·considered on error.

On error to the Union County Circuit Court.

For the plaintiff in error, *Charles A. Reed.*

For the defendant in error, *Craig A. Marsh.*

239

The opinion of the court was delivered by

MAGIE, CHANCELLOR.    The record brought here by this writ of error discloses an action of tort tried at the Union County Circuit, and resulting in a verdict for plaintiff, upon which the judgment complained of was entered.

The declaration set out the plaintiff's cause of action thus, viz:, that defendant, at the time of the injury of which plaintiff complained, was a foreman in the employ of the Pond Machine Tool Company, a corporation of this state, and plaintiff was a workman in the employ of the same company, subject to defendant's orders as foreman; that defendant and plaintiff were both engaged in removing barrels from one place in the company's yard to another place in said yard, and that defendant ordered plaintiff to lift and remove said barrels; that it thereby became the duty of defendant to exercise care that plaintiff should not be injured by the negligence of defendant, and that defendant, disregarding his duty, so negligently moved one of the barrels that it was thrown against plaintiff's hand, which was thereby injured.

The cause went to trial on a plea of general issue.

The evidence appearing in the bill of exceptions would justify the jury in finding that the charges of the declaration were made out.

At the close of plaintiff's case, counsel for defendant moved for a nonsuit, on the ground that, assuming the facts charged and proved, there was no liability on defendant to answer for the injury of plaintiff.

The action for negligence rests upon an obligation on the part of the defendant to use care toward the plaintiff, and a breach of that obligation resulting in plaintiff's injury.

Leaving out of view the fact of the common employment of the parties in this case by the same master, no doubt can exist that the fact that they were engaged together in the removal of the barrels would cast upon each of them the duty to take care that no act of his, in such removal, should do injury to the other.

The doctrine of *respondeat superior,* applied to support a liability on the part of the master for negligent acts of his

servant, is admittedly subject to an exception excluding his liability for such acts when they produce injury to a fellow-servant of the same master. This exception was supported in our Supreme Court upon the ground that each servant in accepting employment stipulated to assume the risks of his employment, including the risks from the carelessness of his fellow-servants. *Harrison* v. *Central Railroad Co.,* 2 *Vroom* 293. This decision has been generally recognized in our courts as expressing the correct doctrine and the reasons for it. *Conway* v. *Furst,* 28 *Id.* 645; *Curley* v. *Hoff,* 33 *Id.* 758; *Sofield* v. *Guggenheim Smelting Co.,* 35 *Id.* 605.

Upon demurrer to a declaration to an action by a servant employed by a manufacturing corporation against the superintendent employed by the same corporation, charging defendant with negligence in the management of the gas apparatus in the mill of the employer, whereby plaintiff was injured by the escape of gas, the Supreme Judicial Court of Massachusetts sustained the demurrer, declaring that a servant is not liable to an action by another servant in the employ of the same master for damages by the negligence of the first in such employment. This conclusion was rested by Judge Merrick, who delivered the opinion, upon two grounds—*first,* that the negligence charged was the breach of a duty owed by the defendant only to the master, and *second,* that the consideration which led to the adoption of an exception to a master's liability for the negligence of his servant, applied as well to the relation between fellow-servants of the same master. *Albro* v. *Jaquith,* 4 *Gray* 99.

It is to be observed that the first of the grounds relied on in that case might not apply in the case in hand, where the dereliction of the defendant is not mere non-feasance in failing to perform some act which he stipulated with his master to perform, but is actual misfeasance in doing an act which is tortious and which would entitle plaintiff to an action, unless the relation of fellow-servant shields the defendant by an exception to the general rule of liability.

The case just stated is the only one which has been brought to my attention or discovered by me expressing that view of

the liability of a fellow-servant. It is, however, unnecessary to discuss that decision, because, in the court in which it was rendered, it has been repudiated and overruled.

In *Osborne* v. *Morgan,* 130 *Mass.* 102, a demurrer to a declaration in an action by one servant against other serv-. ants in the same employment, charging them with negligently placing a block and chain upon an iron rail suspended from the ceiling of a room in which plaintiff was called to work, and with negligently suffering them to remain unprotected from falling, whereby they fell on plaintiff and injured him, was overruled. The case presented was an exact counterpart of that considered and reported in 4 *Gray.* The opinion was by Chief Justice Gray, and contains a thorough · and masterly discussion of the whole question. The conclusions reached were opposite to those of the former decision, which is declared not to be supported by either of the reasons on which it had been rested. It was determined that one servant is liable to another servant in the same employment for damages occasioned by the negligence of the first in such employment.

The same case came again before the Supreme Court. After the demurrer had been overruled, the action was tried and a verdict was directed for defendants, to which the plaintiff, under the practice in vogue in that state, alleged exceptions. It was twice argued. The conclusion reached by the court was that the direction of a verdict was erroneous and that the case should have been submitted to the jury. The opinion was delivered by Judge W. Allen. His opinion was that although the defendants could not be held liable to plaintiff for any negligence which was only a breach of the contract with or duty to the common employer, yet if the jury found that they had control over the appliance which did the injury to the plaintiff, and knowledge of its dangerous condition, the defendants would be charged with a duty to plaintiff to care for his safety, for a neglect of which duty they would be liable. The case was thereafter again brought to trial against two of the defendants, and a verdict passed for plaintiff against one of them, which, upon exceptions, was

sustained by the court. Judge Devens, in the opinion delivered, supports the verdict upon the ground that there was evidence that the defendant against whom it passed had control over the appliance which injured plaintiff, and directed the removal by plaintiff of an obstacle which rendered the appliance harmless, when observation would have shown him the hazardous condition in which such removal left it. He held that defendant thereby came under the duty to a fellow-servant rightfully in his place, who was injured by the fall of the block and chain. *Osborne* v. *Morgan,* 137 *Mass.* 1.

This case has been discussed at a greater length than is essential to the decision of the question before us. My purpose has been to indicate how thoroughly the doctrine of Albro *v.* Jaquith, denying redress to a servant for an injury done by a fellow-servant, has been repudiated in the state in which it was promulgated.

Whether redress for an injury such as was under consideration in that case was properly permitted calls for no expression of opinion, for, in the case in hand, the injury suffered by plaintiff was not the result of defendant's nonfeasance or neglect of any duty which defendant owed to the common master, but was a plain misfeasance and a breach of a duty which defendant owed to plaintiff only.

I entirely concur in the conclusion arrived at in the case last cited, to the effect that the fact of a common employment does not of itself prevent an injured fellow-servant maintaining an action against his fellow-servant for an injury inflicted by the negligence of the latter. Such an action will lie for an injury occasioned by such breach of duty as was shown in this case.

The nonsuit was rightly refused.

Several assignments of error were directed to objections made in the course of the trial, to which no exceptions were taken when allowed. Of those which are presented upon exceptions allowed, none are deemed to require observation except two, which are directed to the rulings of the trial judge in excluding questions proposed to be put on the cross-examination of a witness of plaintiff. The witness had testi-

fied on direct examination that he was a physician of some years' practice, connected with a hospital; that plaintiff had consulted him about his injured hand, had been sent by witness to the hospital and had been there treated by him. The first of the excluded questions required witness to say what would have been good surgical treatment of the injury in the first instance. This was objected to on the ground that there had been no direct examination of the witness as an expert, and that the examination on that line was not proper cross-examination. The objection was sustained, apparently for the reason given. The second of the excluded questions was in these words: "How long after the injury would *pus* make its appearance as you found it there?" The witness himself objected to answer, on the ground that he was not there "as an expert." The question was excluded, the trial judge explaining the ground of his action by saying: "If the witness declines to answer as an expert, I think he is entitled to."

It is open to grave question whether the rulings excluding these questions could be supported on either ground. The direct examination of this medical witness seems to have included much evidence which he could only have given from a knowledge and experience not common to all men, but acquired by physicians. Nor is it by any means settled that a witness, when called and examined, may refuse to answer questions which call for such knowledge as he has, because he was not attending as an expert. No such distinction has been recognized by the courts of this state as yet.

But I do not think the court is called upon to pronounce an opinion upon these questions at this time. Defendant's counsel pursued the cross-examination of the witness, who afterward declared his willingness to answer questions calling for expert knowledge. In answer to questions then put without objection, the witness testified that *pus* indicated broken down tissue; that *pus* resulted from inflammation produced by laceration; that such inflammation can be counteracted and arrested by treatment; that the earlier the treatment, the sooner the inflammation would be arrested, and

finally he expressed his opinion that if plaintiff's wound had been treated earlier plaintiff would have had less serious results:

These answers practically covered the field of examination desired, as indicated by the excluded questions. The questions were really answered, and the error of excluding them (if there was error) was cured.

For these reasons there should be no reversal on this ground.

No error being found, the judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VOORHEES, VROOM. 14.

*For reversal*—None.