CATALINO MEJEA *v.* L. M. WHITEHOUSE.

Exceptions from Circuit Court, First Circuit.

Argued June 15, 1908.         Decided July 6, 1908.

Hartwell, C.J., Wilder and Ballou, JJ.

Master and servant—*fellow servant.*

> The foreman in charge of a gang excavating an earth bank is a fellow servant of the laborers and the employer is not responsible for injury to a laborer resulting from his negligence.

OPINION OF THE COURT BY BALLOU, J.

Defendant was a contractor engaged in building the Nuuanu dam under contract with the Territory. Plaintiff was a laborer engaged in pick and shovel work and at the time of the injury

which gave rise to this action was working in a gang under James Howatt, who was assistant government engineer representing the Territory in the inspection of the work. It is not clear from the evidence how Howatt came to be temporarily in charge of the gang of workmen. In excavating a perpendicular bank of earth plaintiff was directed by the foreman to take the earth from the bottom of the bank and had been ordered to hurry up. While working in accordance with these directions the bank caved in and fell upon him rendering him unconscious for a time, breaking his thigh and causing other injuries. He brought this action for damages against the defendant and at the close of his case was nonsuited.

The negligence of defendant alleged in the declaration is in not having removed or properly supported the overhanging bank. The obligation of the employer to provide a safe place to work in does not, however, include places made dangerous by the progress of the work. *Armour v. Hahn,* 111 U. S. 313. In the present case the bank was originally perpendicular and became dangerous through the method of removal adopted under direction of the foreman, and the plaintiff in this court relies chiefly upon the foreman's negligence in directing the work to be done in this particular manner.

Assuming that Howatt was for the time being the agent of the defendant, and that the risk assumed by the plaintiff was not so apparent as to preclude his recovery, the testimony still presents no ground for recovery against the defendant. The common law rule is well established that a servant injured by the carelessness or negligence of a fellow servant has no remedy against the common employer. *Farwell v. Boston & Worcester Railroad,* 4 Met. 49. In the majority of American jurisdictions it is also well established that it makes no difference that the servant whose negligence causes the injury is a submanager or foreman of higher grade or greater authority than the plaintiff. *Holden v. Fitchburg Railroad Co.,* 129 Mass. 268. The

contrary doctrine, known as the superior servant limitation, was first introduced in the case of *Little Miami Railroad Co. v. Stevens,* 20 Oh. 416, and has been adopted in a number of states, but whatever may be its advantages in mitigating the strictness of the common law rule we cannot adopt it in face of the authoritative decisions of the United States Supreme Court by which, in the absence of Hawaiian judicial precedent, we are bound. In *Baltimore and Ohio Railroad v. Baugh,* 149 U. S. 368, and *New England Railroad Co. v. Conroy,* 175 U. S. 323, the authorities are reviewed and the confusing case of *Chicago, Milwaukee & St. Paul Railroad v. Ross,* 112 U. S. 377, is finally overruled. Under the principle announced in the decisions of the Supreme Court the foreman of a gang, directing its work, does not stand in the position of a vice-principal for whose negligence the employer is responsible. *Central Railroad Co. v. Keegan,* 160 U. S. 259; *Northern Pacific Railroad Co. v. Peterson,* 162 U. S. 346.

It is true that the defendant in his contract with the government agreed that he should "provide such precautions as may be necessary for the prevention of accidents to life or property and shall assume the responsibility of all damages or costs resulting therefrom." But we cannot construe this as a contract of insurance for the benefit of the employees but merely the assumption of responsibility as between the defendant and the Territory, inserted out of abundant caution, notwithstanding the nonliability of the Territory.

Whatever may be the hardship of the law which throws upon the laborer the risks of his employment and of the negligent acts of his fellow servants, the courts, in the absence of legislation, can afford no relief in cases like the present.

Exceptions overruled.

*T. M. Harrison* for plaintiff.

*C. F. Clemons* (*Thompson & Clemons* on the brief) for defendant.