Wilson, J.
This is an action of tort in two counts, in which the plaintiff seeks recovery for the death and conscious suffering of the paintiff’s intestate. The case is before us upon a report from the action of the trial judge in sustaining a demurrer to the plaintiff’s declaration.
The allegations of the declaration, material to the issue, are that the intestate, a child of five years, was a pupil in attendance at a school maintained and operated by the City of Boston; that the defendant was employed by the City as a custodian of the building; that a contractor employed by the City “distributed certain poisonous substance spread upon edible substance * * * *; that it was the duty of the defendant to remove the same, and the defendant, his agents or servants, started to remove the same but did so in a careless and negligent manner, as a result of which the plaintiff’s intestate ate some of the edible substance, with the poisonous matter thereon, and as a result was poisoned.”
The plaintiff here is seeking to hold the custodian of a building maintained and used by the City of Boston in car *25 rying on a governmental function. Under such circumstances the City could not be held liable, because the doctrine of “respondeat superior” does not apply. Barney v. Lowell, 98 Mass. 570; Fisher v. Boston, 104 Mass. 7.
But it was said in Moynihan v. Todd, 188 Mass. 301, 305:
“For a personal act of misfeasance, we are of opinion that a party should be held liable to one injured by it, as well when in the performance of a public duty as when otherwise engaged.”
In that case the action was against the superintendent of streets for injuries sustained by persons in the vicinity where the negligent blasting occurred. The same rule was applied where the injured person was a fellow servant. Osborne v. Morgan, 130 Mass. 102, 103; Rose v. Franklin Surety Co., 281 Mass. 538, 540; Bresnahan v. Barre, 286 Mass. 593, 595.
In Osborne v. Morgan, 130 Mass. 102, 103, the Court said:
“It is often said in the books, that an agent or servant is responsible to third persons for misfeasance only, and not for nonfeasance. And it is doubtless true that if an agent never does anything towards carrying out his contract with his principal, but wholly omits and neglects to do so, the principal is the only person who can maintain any action against him for nonfeasance. But if the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in the manner of executing it, so as not to cause any injury to third persons which may be the natural consequence of his acts; and he cannot, by abandoning its execution midway and leaving things in a dangerous condition, exempt himself from liability to any person who suffers injury by reason of his having so left them without proper safeguards. This is not nonfeasance, or doing nothing; but it is misfeasance, doing improperly.” See cases there cited and reviewed.
*26 Both parties to the instant case agree that the doctrine of liability is as stated in Osborne v. Morgan, 130 Mass. 102, but the defendant argues that the declaration does not clearly allege such activity upon the part of the defendant as to constitute misfeasance within the meaning of the rule of liability above set forth.
“The rule of pleading, both at common law and under the statute, is that a declaration must state concisely and with substantial certainty the substantive facts constituting the cause of action, with such clearness and precision that the defendant may be able to plead to it intelligently and directly.” Grandchamp v. Costello, 289 Mass. 506, 507, and cases there cited. General Laws (Ter. Ed.) chapter 231, section 7, second.
The allegation in the instant case is that “the defendant * * * * started to remove the same but did so in a careless and negligent manner. ’ ’
The words “started to remove,” seem to us to mean that the defendant had 'begun the execution of some plan or course of action for the removal of the poisonous substance. This, taken with the allegation that such plan or course of action was carried on in a negligent and careless manner, seems to us to be sufficient to so inform the defendant that he could plead his defense intelligently and directly-
What has been heretofore said regarding the first count in the declaration, which was for the death, is equally applicable to the second count, which was for conscious suffering, where the allegation as to negligence is substantially the same.
The order sustaining the demurrer is reversed and the case remanded to the trial court for trial upon the merits.