OSCAR KALLECK *vs.* GARDNER G. DEERING & others.

Suffolk.    November 17, 1896. — October 2, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Master and Servant — Seaman — Defective Appliance — Fellow Servant — Negligence — Action — Law and Fact.*

Where a seaman is injured by the breaking of a triangle on which he was sitting and scraping a mast, in an action against the owners of the vessel for his injury, if there is some evidence that the master, who was an owner, directed the mate to make the triangle out of the boards which he afterwards used for that purpose, but which were not suitable, the plaintiff is entitled to go to the jury as against the master.

Whether there were suitable materials on board of a vessel which were intended or could have been used for the purpose of making a triangle, and which in the proper and reasonable performance of their duty the master or the mate could and should have used, was, on the evidence, a question for the jury.

TORT, against the owners of a vessel, for personal injuries occasioned to the plaintiff by the breaking of a triangle on which he was sitting and scraping a mast. After the former decision, reported 161 Mass. 469, the case was tried in the Superior Court, before *Hammond*, J., who ruled that the plaintiff could not maintain the action, and directed the jury to return a verdict for the defendants; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. M. Browne*, for the plaintiff.

*C. T. Russell*, for the defendants.

FIELD, C. J. In this case as reported in 161 Mass. 469, the court, for the purpose of determining the questions of law then before it, assumed " that the defendants did their duty in furnishing materials for the construction of the triangle, that the mate was in control of the vessel at the time, and that the cause of the plaintiff's injury was some negligence on the mate's part in constructing the triangle and in ordering the plaintiff to use it"; and it held that the mate was a fellow servant with the plaintiff, and that the defendants as owners of the vessel were not responsible to the plaintiff for the consequences of the mate's negligence, and the verdict for the plaintiff was set aside. At the new trial, the presiding justice ordered a verdict for the defendants; and the plaintiff excepted.

We have no doubt from the exceptions that there was evidence for the jury that the boards out of which the triangle was constructed by the mate were not suitable materials for that purpose. The plaintiff contends that there was also evidence for the jury that a triangle so prepared and constructed as to be ready to be lashed around a mast is a part of the equipment of a vessel which it was the duty of the defendants to furnish; or, if this is not so, that the defendants furnished no suitable materials on board the vessel out of which a proper triangle could be constructed.

Fred A. Crowell was master of the vessel at the time of the accident, and a part owner, and is one of the defendants. The exceptions recite that the following testimony was admitted against him, but not against the other defendants.

" William G. Colson, engineer on the vessel, a witness for the plaintiff, testified as follows : ' *Q.* Whether or not you heard

the master give the mate any directions about making it [the triangle] and what material to make it of?' . . .

" *A.* . . . I heard the mate tell the captain that it would be a good chance while they were down there to get some hard pine to make this triangle of. The captain said he would see about it. There were some boards down in the hold that were just as good as hard pine. ' Well,' he said, ' you can make one that will do this time; perhaps I will get some hard pine while I am down here if I see any.' "

On cross-examination the witness testified that he heard this conversation about two days before they anchored in Norfolk.

We think this is some evidence that the captain directed the mate to make a triangle out of the boards which the mate afterwards used for that purpose. This direction of the captain undoubtedly must be held to have been made in his capacity as captain, and if it be true that the captain is a fellow servant with the plaintiff for whose negligence the other owners are not responsible, yet one servant is responsible for the consequences of his negligence to a fellow servant. *Osborne* v. *Morgan,* 130 Mass. 102; *S. C.* 137 Mass. 1. The plaintiff was therefore entitled to go to the jury as against this defendant.

There was some evidence that it was customary for vessels to be furnished with a triangle prepared and fit for use even on their first voyage after they are launched; that a triangle usually is made of three planks with holes in the ends, which are lashed together round a mast by means of ropes; that it can be easily made out of pieces of plank of the proper length and width, and that when once made the planks usually are stored away in the vessel for future use. To make a triangle undoubtedly is a piece of work that a ship's carpenter, or almost any intelligent seaman, can do.

The vessel in this case was a new vessel, launched in 1888. She had made a voyage to Washington and a return voyage, and at the time of the accident was on her second voyage from Boston to take a cargo of coal from Norfolk, Virginia, and had arrived at the anchorage ground off Lambert's Point, and while at anchor the mate in the absence of the master selected the materials for the triangle from some boards purchased for flooring over the ballast, constructed the triangle, and ordered the plain-

tiff, with two others, to go aloft, get on it and scrape the foremast. They scraped the foremast, finishing the work about half past eleven o'clock. After dinner they were ordered to scrape the mainmast, and after they had been about ten minutes doing this the board of the triangle on which the plaintiff was sitting broke, and the plaintiff fell to the deck and was injured.

The exceptions recite as follows : " The evidence showed that after the accident, and on the same day, while the captain and mate were away from the vessel, the second mate, Butler, constructed a second triangle. Butler did not testify at the trial ; the defendants claimed that they were unable to find him." There was evidence that this second triangle was made from planks, that it was a suitable triangle, and that the planks were put away for future use, and were afterwards used, and they were produced in court at the trial. There was evidence that these planks " were taken from the hold, those used to steady the water casks." There was a good deal of evidence that there were planks enough besides those used to steady the water casks from which a triangle could have been made, and that they were in the run of the vessel where they could easily have been found, and that the second triangle was made out of these planks shortly after the accident, on the same afternoon, but it cannot be said to be an undisputed or conceded fact that there were such planks on board the vessel that could have been used for that purpose, and there is some evidence to the contrary, particularly in the testimony of Hilton, Nelson, and the plaintiff. The planks were described by Crowell as " from 8 to 10 inches wide, and from 2 to $2\frac{1}{2}$ to 3 inches in thickness," and they were of spruce. Similar planks could have been obtained at Norfolk or Lambert's Point, where the vessel was, and the suggestion is made that the planks from which the second triangle was constructed may have been obtained from Norfolk or Lambert's Point, although the captain testified that " they had no opportunity to get them from any other place [than the run of the vessel], for they had no boat to go anywhere to get them with." Whether there were planks on board the vessel which could have been got at and used, and which were suitable materials for making a triangle, we think must be considered on the evidence as in dispute. We are inclined to hold that a tri-

angle is a thing of such simple construction that, if suitable materials were provided, it would not have been negligence on the part of the defendants not to have had a completed triangle on board as a part of the furnishings of the vessel. The burden is on the plaintiff to show that the defendants failed in their duty to provide suitable materials for making a triangle.

We are of opinion that the question whether there were suitable materials on board which were intended or could be used for this purpose, and which in the proper and reasonable performance of their duty the master or the mate could and should have so used, should have been submitted to the jury. *Twomey v. Swift*, 163 Mass. 273.                    *Exceptions sustained.*