ANTONE MONES *vs.* BAY STATE STREET RAILWAY COMPANY.

Bristol.      October 27, 1919. — November 24, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Conduct of trial: requests and rulings, Exceptions.

At the trial of an action of tort for personal injuries, resulting from a collision between a wagon in which the plaintiff was riding and an electric street car operated by the defendant and alleged in the declaration in general terms to have been caused by negligence of the defendant, the defendant's motorman in direct examination testified that the brakes and everything about the car were in good working order and worked all right at the time of the accident. In cross-examination he stated in substance that, although he released the brake and put on the reverse, the car did not seem to stop as he thought it ought to. The plaintiff at the close of the evidence made no request for an instruction bearing upon negligence of the defendant respecting the condition of the street car. At the close of the charge, the plaintiff excepted "to that portion of the charge which says that if the motorman did everything that he could have done to stop the car that then the plaintiff is not entitled to recover," stating as the ground of his exception that there was "evidence that the car did not act right" and that "the question of the negligence of one of the servants of the company, which may have been responsible for the car acting in that manner should have been left to the jury." The judge then gave further instructions, after which he said to the plaintiff's counsel, "What is your request?" and the counsel replied, "That if the motorman, by the exercise of reasonable and proper care, although going at a slow rate of speed, could have stopped his car soon enough to have avoided the accident, then he is guilty of negligence." The subject of negligence of the motorman had been fully covered in the charge. The request was refused and the plaintiff excepted. *Held,*

(1) That it was plain that the case was not tried on the theory that the street car was defective or that those responsible for its condition were negligent;

(2) That, the plaintiff not having made any objection relating to the adequacy of the supplemental instructions following his exception taken at the close of the charge, no injustice was done him and the exception must be overruled;

(3) That the refusal to grant the request for a ruling made at the close of the supplemental charge was proper.

TORT for personal injuries resulting from the plaintiff being thrown to the ground by reason of a collision between a wagon in which he was riding and an electric street car of the defendant. Writ dated January 9, 1914.

In the Superior Court the action was tried before *Callahan,* J. The declaration, material evidence and exceptions of the plaintiff are described in the opinion. The jury found for the defendant; and the plaintiff alleged exceptions.

*H. W. Radovsky,* for the plaintiff.

*E. A. Thurston,* for the defendant, was not called upon.

CROSBY, J. This is an action for personal injuries received by the plaintiff, caused by a collision between a wagon in which he was riding and an electric car of the defendant. The declaration alleges that "on account of the negligence of the defendant by its servants, a car of the defendant was driven into a wagon in which he [the plaintiff] was riding." The motorman testified on his direct examination that, after striking the wagon, he made a quick stop; that the brakes were in good working order and everything about the car was "in proper working order and worked all right that night." On cross-examination he testified that "the car did not seem to stop as he thought it ought to stop; that he expected that when he released the brakes and put on the reverse on that it will tend to stop within a certain distance, and that the car did not act that way this time."

No requests for instructions bearing upon the negligence of the defendant respecting the condition of the car were made by the plaintiff; but, after the judge had apparently finished his charge to the jury, the plaintiff's counsel stated, "I will take an exception to that portion of the charge which says that if the motorman did everything that he could have done to stop the car that then the plaintiff is not entitled to recover. The reason for this is that there was evidence that the car did not act right and that under the circumstances the question of the negligence of one of the servants of the company, which may have been responsible for the car acting in that manner, should have been left to the jury." The judge then gave further instructions respecting the conduct of the motorman in operating the car, but

did not refer to its condition. At the end of the supplemental instructions, the judge inquired of the plaintiff's counsel, "what is your request?" to which counsel replied, "That if the motorman, by the exercise of reasonable and proper care, although going at a slow rate of speed, could have stopped his car soon enough to have avoided the accident, then he is guilty of negligence." This request was refused and the plaintiff excepted.

The pleadings and evidence plainly show that the case was not tried on the theory that the car was defective or that those responsible for its condition were negligent. The alleged negligence of the motorman in operating the car just before the collision was the negligence relied on. If the testimony of the motorman on cross-examination was sufficient to warrant a finding of negligence on the part of any other person, for which the defendant was responsible, it was the duty of counsel for the plaintiff to have called the matter to the attention of the judge when his charge to the jury was concluded; as it was not again referred to the judge might reasonably have assumed that the exception was not relied on. If the plaintiff felt that the instructions, as finally given, were not sufficient and correct, he should have so expressed himself to the judge at the close of the charge.

No specific requests having been made relating to the condition of the car, the exception taken ought not to be sustained as no substantial error appears, and we are of opinion that no injustice has been done to the plaintiff. *Commonwealth* v. *Meserve,* 154 Mass. 64, 75. *Barker* v. *Loring,* 177 Mass. 389. *Sawyer* v. *Worcester Consolidated Street Railway,* 231 Mass. 215, 219.

The judge was not required to consider the request made at the conclusion of the charge, although the plaintiff was not harmed because it was not given. It was fully covered by the instructions which were amplified by apt illustration.

*Exceptions overruled.*