SAMUEL DUFF *vs.* FRANK C. WEBSTER.

Plymouth.    November 4, 1943. — November 30, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Negligence*, Contributory, Use of way. *Practice, Civil,* Charge to jury; Exceptions: whether error shown. *Error,* Whether error shown.

A finding of contributory negligence on the part of a plaintiff was not required by evidence that he had got out of an automobile that had been stalled in a snow drift on its left side of the road in the midst of a thick, driving snow storm, and, after assisting in an attempt to move the automobile, had walked along its right side to the front of it to go for help in the neighborhood without knowing that the automobile was on the wrong side of the road, and was there struck by an automobile of the defendant which the plaintiff did not see approaching from the opposite direction on its proper side of the road.

An exception to a portion of a charge to a jury will not be sustained where, after objection made, the judge attempts to correct or explain what he has said and the excepting party makes no further objection.

TORT. Writ in the District Court of Brockton dated April 8, 1940.

On removal to the Superior Court the case was tried before *Good,* J. In this court it was submitted on briefs.

*R. J. Coffin & T. H. Mahony,* for the defendant.

*E. G. Townes & E. H. Stevens,* for the plaintiff.

QUA, J. On February 14, 1940, in a snow storm, the plaintiff, while on the highway, was struck and injured by an automobile driven by the defendant. After a verdict for the plaintiff, the defendant insists that the plaintiff was contributorily negligent as a matter of law, and that there was an error in the charge.

Under G. L. (Ter. Ed.) c. 231, § 85, contributory negligence is an "affirmative defence" to be "proved by the defendant." It follows that in cases to which this statute applies, on the issue of contributory negligence, the circumstances not covered by evidence are assumed to have been favorable to the plaintiff. . *Mercier* v. *Union Street Railway,* 230 Mass. 397, 403. *King* v. *Weitzman,* 267 Mass. 447, 449.

*Dirsa* v. *Hamilton*, 280 Mass. 482, 487.  *Birch* v. *Strout*, 303
Mass. 28, 30–31.  The plaintiff makes out a case for the
jury "by proving injury and damage due to the negligence
of the defendant" (*Brown* v. *Henderson*, 285 Mass. 192, 195),
unless "facts which are undisputed or indisputable" or
"evidence by which the plaintiff is bound" shows that con-
tributory negligence is the only rational inference.  *Duggan*
v. *Bay State Street Railway*, 230 Mass. 370, 379.  The plain-
tiff is bound by his own testimony adverse to him only in
so far as it is not contradicted by favorable evidence from
some other source.  *Whiteacre* v. *Boston Elevated Railway*,
241 Mass. 163.  *Gleason* v. *Mann*, 312 Mass. 420, 423.  He
is not bound as matter of law by the testimony of witnesses
other than himself, even though they have been called by
him, and he has the benefit of all favorable evidence from
any source.  *United States Fidelity & Guaranty Co.* v. *English
Construction Co.* 303 Mass. 105, 110–111.  *Lydon* v. *Boston
Elevated Railway*, 309 Mass. 205, 206–207, and cases cited.

With these settled principles in mind, we summarize the
evidence which in our opinion required the submission to
the jury of the issue of contributory negligence.  The plain-
tiff had been a passenger in an automobile of one Haviland
on a trip from Hudson to Brockton.  He testified that it was
snowing and blowing pretty hard;  that the snow was blow-
ing around every way, drifting across the road, and piling
up in drifts;  that just before the accident the Haviland auto-
mobile became stalled in the snow and was headed north;
that in places "you couldn't" distinguish the sidewalk from
the road because of the snow, but other places were bare;
that the plaintiff could not see on which side of the road the
Haviland automobile was stalled, because there was so much
snow;  that the men, including the plaintiff, got out and tried
to push the automobile "to see if they could get it going";
that the plaintiff was in the road on the right side of the
automobile "for some time" and then started to go to a
store a short distance to the north to get assistance;  that he
walked along the right side of the automobile, and "at no
time was he in the middle of the road";  that he had no idea
how many steps he had taken toward the store;  that he did

not see the headlights of the defendant's automobile; that if he had seen that automobile he would have stepped out of the way "darn quick"; that he went to the front of the Haviland automobile, felt or heard a thud or bump, and that was all he remembered.

There was other evidence tending to show that while the plaintiff was still in the Haviland automobile it had "drifted over to the left"; that it "skidded and went to the left side of the road"; that its wheels "started to churn," and it sank "further in the snow drift at the side of the road"; that its headlights were burning; that the defendant's automobile came from the north; that it "seemed to come out of nowhere but with its lights flashing"; that after hitting the plaintiff it hit the Haviland automobile and moved it back "quite a little further into the drift" and into a tree; and that the plaintiff had reached a point only about two yards in front of the stalled Haviland automobile when he was struck. Evidence from the defendant and his son was to the effect that it was snowing "very heavily"; that although the defendant's windshield wipers "did a pretty good job," "the most he could see was fifteen . . . feet ahead"; and that the defendant's son, who was looking straight ahead at the time, did not see the plaintiff until he was within about ten feet of the defendant's automobile.

The defendant quite naturally contends that this is a case where the plaintiff walked straight into an obvious danger, and there was much evidence, some of which it is not necessary to state, tending to support that contention. But we think that reasonable men could reach a different conclusion. They could attach great weight to the extreme difficulty often experienced by a foot traveller in either seeing or hearing in the midst of a thick, driving snow storm. They could find that the plaintiff, when struck, was on the side of the road in front of and only a few feet distant from the Haviland automobile; that the driver of another vehicle would not be likely to drive directly toward the Haviland automobile; and that at least three other persons who were present saw objects ahead of them little or no better than the plaintiff did. Even if the jury believed the evidence

that the headlights were lighted on both vehicles, no witness testified that the accident happened at night, and the lights may have been lighted only because of the storm and may have caused little or no illumination of the roadway. Indeed it would seem that the plaintiff's failure to see and to escape from the defendant's automobile might have been due to one of those momentary turnings aside of the face and eyes which it is almost impossible for a person to avoid while trying to walk in a blinding snow storm. See *Kemp* v. *Aldrich*, 286 Mich. 591.

At the close of the charge the defendant excepted to certain statements contained in it bearing upon the issue of negligence of the defendant. Thereupon the judge attempted to explain or to correct what he had said. If the defendant felt that the charge as modified was still insufficient or incorrect he should have again called the judge's attention to the matter. *Minihan* v. *Boston Elevated Railway*, 205 Mass. 402. *Donahoe* v. *Boston Elevated Railway*, 214 Mass. 70, 71. *Mones* v. *Bay State Street Railway*, 234 Mass. 82.

*Exceptions overruled.*