ANNA HOWES *vs.* BEATRICE KELMAN.

Plymouth. ·November 9, 1950. — January 17, 1951.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Negligence,.* Invited person.   *Motor Vehicle,* Passenger for hire.

A finding,· that the status of a plaintiff while riding from a factory where he was employed to his home in an automobile of his employer operated by the defendant, also employed at the factory, was that of a business invitee of the defendant to whom the defendant was liable for personal injuries resulting from ordinary negligence in the operation of the automobile, was warranted by evidence that the plaintiff had worked overtime that day at the request of the employer and thereby had been unable to avail himself of his usual means of transportation to his home, that accordingly the employer had requested the defendant to drive the plaintiff home in the automobile, and that the defendant had driven the automobile on previous occasions whenever requested to do so by the employer.

TORT.   Writ in the Superior Court dated October 14, 1947. The action was tried before *Kirk,* J.

*G. L. Wainwright,* for the defendant.

*E. H. Stevens,* (*E. G. Townes* with him,) for the plaintiff.

RONAN, J.   This is an action of tort to recover for personal injuries alleged to have been sustained by the plaintiff while riding in an automobile operated by the defendant. The jury returned à verdict for the plaintiff on the first count based on negligence of the defendant, and for the defendant upon the second count charging her with gross negligence.   The defendant excepted to the denial of a motion to direct a verdict for her upon the first count.

In deciding the correctness of this ruling upon the motion we need only consider· evidence favorable to the plaintiff from whatever source it came, including evidence more favorable to her than that given by herself.   If upon any reasonable view of the evidence there is found any combination of circumstances from which a rational inference may

be drawn in favor of the plaintiff, then there was no error in the denial of the motion, even if there may be other and different circumstances disclosed in the evidence which, if accepted as true by the jury, would support a conclusion adverse to the plaintiff. The question presented by the motion was not the weight of the evidence but whether there was any evidence viewed in the light most favorable to the plaintiff that would support her cause of action. *Duff* v. *Webster*, 315 Mass. 102, 103. *Kelly* v. *Railway Express Agency, Inc.* 315 Mass. 301, 302. *Mazzaferro* v. *Dupuis*, 321 Mass. 718, 719.

We recite the facts which the jury could find were established by the evidence. The plaintiff, a stitcher in the employ of a shoe company, worked overtime on August 13, 1947, at the request of one Freedman, "a member of the firm." She had been regularly transported between her home in Lakeville and the factory in New Bedford by a fellow employee, but if she worked overtime as requested she would be unable to avail herself of this means of transportation. It was under these circumstances that she agreed to comply with her employer's request. It could properly be inferred, notwithstanding Freedman's denial, that conveyance to her home, if not an express term of the arrangement which she made with him and in accordance with which she agreed to accommodate him by working overtime, was at least an implied term of the arrangement. When she finished her work "she went home in Harry Freedman's car, which was the only way she could get home that night."

The defendant, a bookkeeper in the employ of the shoe company, was requested by Freedman to take some passengers home in his automobile. The passengers turned out to be the plaintiff and two other employees of the shoe company. The reason for the presence of these two employees in the factory after regular hours did not appear. Ordinarily workmen do not remain in a factory after usual hours unless they have work to do. The defendant complied with Freedman's request. It was not unusual for her to drive her employer's automobile, as she did so whenever requested

by him. The automobile met with an accident as she was driving the three employees to their homes and the plaintiff was injured. After the accident, these three employees were taken from the scene by the personnel manager of the shoe company.

The defendant concedes that the evidence was sufficient to show that the accident was caused by her negligence but contends that the relation of the plaintiff to herself was that of a gratuitous passenger or guest and a host, and that the defendant owed the plaintiff only the duty to refrain from gross negligence, of which the jury found she was not guilty.

The defendant did not allege in her answer anything to indicate whether or not the shoe company was insured under the workmen's compensation act, nor did she at any time during the trial, or in her brief or oral argument, make any reference to the act. We do not, therefore, consider what effect, if any, this matter would have if the point had been raised. *Thorneal* v. *Cape Pond Ice Co.* 321 Mass. 528, 535–536. *Pell* v. *New Bedford Gas & Edison Light Co.* 325 Mass. 239, 240.

The plaintiff in the situation already described could be found to be entitled to be transported home, and if she had been employed by an individual whose negligence while driving her home resulted in an injury to her, he would be liable to her, *Allen* v. *Allen*, 299 Mass. 89, *Saragen* v. *Bousquet*, 322 Mass. 14; and one performing this duty in behalf of the employer is subject to the same standard of care. *Osborne* v. *Morgan*, 130 Mass. 102. *Kalleck* v. *Deering*, 169 Mass. 200. *Caira* v. *Caira*, 296 Mass. 448, 449. The defendant, however, urges that she was not under hire by the company to transport the plaintiff.

The defendant contends that she received no benefit from the transportation of the plaintiff and that, as the plaintiff has failed to prove that the defendant was guilty of gross negligence, her motion for a directed verdict should have been granted. It is true that the plaintiff did not pay the defendant anything for the transportation. No compensation was expected to flow to her from the plaintiff. The

Howes *v.* Kelman.

trip was undertaken not at the request of the plaintiff but at that of the defendant's employer. As between the plaintiff and the defendant it was not in any sense a social trip but was one connected with the business of the shoe company. So far as appears, the defendant did not receive any money from the company for driving the plaintiff home, yet the jury could find that the employment of both the plaintiff and the defendant furnished the occasion for the transportation and that the plaintiff was invited to ride by her employer and not by the defendant. One does not lose his status as a passenger for hire and become a gratuitous passenger if the benefits accruing to the driver from the transportation are not of a pecuniary nature but are in the form of some advantage other than that associated with mere companionship or social intercourse. *Lyttle* v. *Monto*, 248 Mass. 340. *Semons* v. *Towns*, 285 Mass. 96, 100. *Weida* v. *MacDougall*, 300 Mass. 521. In considering the relation of the defendant to the shoe company we are not confined to the trip upon which the accident occurred. She would naturally have an interest in the advancement of her employer. She had rendered services to the company as a chauffeur whenever her employer requested her to do so. In the opinion of a majority of the court, the jury could find that in driving Freedman's automobile upon the business of the defendant's employer, even though after hours, the defendant was doing something incidental to her employment and was not bestowing a mere gratuity of her own upon the plaintiff. Compare *Roy* v. *Bacon*, 325 Mass. 173. See *Loftus* v. *Pelletier*, 223 Mass. 63.

*Exceptions overruled.*