Lee O. HINTON and Atlantic Refining Company,
a Corporation, Appellants (Defendants below),

v.

Harold B. WILMES, Appellee (Plaintiff below).

No. 2881.

Supreme Court of Wyoming.

Aug. 18, 1959.

343 Pac.2d 201

Murane & Bostwick, R. R. Bostwick, Casper, for appellant.

Clarence G. Cypreansen and R. N. Ogden, Casper, for appellee.

Before BLUME, C. J., and PARKER and HARNS-BERGER, JJ.

362

## OPINION.

Mr. Chief Justice BLUME delivered the opinion of the court.

This is an action for damages brought by the plaintiff, Harold D. Wilmes, against Lee O. Hinton and the Atlantic Refining Company by reason of injuries sustained by the plaintiff in being thrown out of a Dodge truck driven by Lee O. Hinton, an employee of the Atlantic Refining Company, on November 1, 1956. The court gave judgment in favor of the plaintiff in the sum of $8,719 and costs of the action. From that judgment the defendants have appealed herein. Plaintiff will be mentioned herein as such or by name or as appellee and the defendants as such or by name or as appellants.

The appellee herein alleged in his complaint, stated briefly, that appellee—plaintiff—was an employee of Robin and Thatcher of Natrona County, Wyoming, as a field worker but that his employers loaned out and required his services as such worker under the control, direction and actual employment of and by the defendant, Atlantic Refining Company, though his wages were paid by Robin and Thatcher; that Lee O. Hinton, an employee of the Atlantic Refining Company, drove the plaintiff in a 1956 Dodge truck owned by the At-

lantic Refining Company to the oil field on the Burke Ranch; and that in so driving the truck he was grossly negligent, overturning the truck and injuring the plaintiff. Damages were sought in the sum of $53,086.60. The defendants, appellants herein, filed their answer, admitting that Lee O. Hinton was an employee of the Atlantic Refining Company, a corporation, but denying the complaint in other respects.

The facts herein are substantially undisputed. The appellee was employed by Robin and Thatcher who undertook to furnish workmen for the Atlantic Refining Company and entered into a contract with that company agreeing in the contract to transport its employees to the place designated by the Atlantic Refining Company. Robin and Thatcher accordingly employed the appellee herein to go to work for the Atlantic Refining Company at the so-called Burke lease which was located about 27 miles north and a little east of the city of Casper. While at work the appellee was under the direction of the Atlantic Refining Company or its employees. Appellee was what was called a roustabout. Such a person was employed in the oil field to do various work which was found to be necessary in the field. However, appellee was in the first place employed to act as a pumper in order to take the place of Hinton, a pumper for the Atlantic Refining Company, while Hinton was on vacation. After Hinton returned from vacation, however, the appellee was retained for work in the field and continued to work until he was injured as above mentioned on November 1, 1956. Hinton put the appellee to work when he arrived at the field and apparently was the party who put him to general work as a roustabout after Hinton returned from his vacation. Appellee lived some 10 miles out of Casper. A few times he drove his own car to work on the Burke lease

and when he did so he was paid 7½¢ per mile by Robin and Thatcher. Practically all the time, however, he was driven to work on the Burke lease in a conveyance owned and controlled by the Atlantic Refining Company, at first in a Jeep station wagon and later in a Dodge pickup truck, the latter being used on November 1, 1956, when the appellee was injured. During the time Hinton was on vacation appellee drove himself to and from work in the jeep station wagon owned by the Atlantic Refining Company. There was no specific agreement about appellee's being taken to work in a conveyance owned by the Atlantic Refining Company. As Hinton testified, it was in a manner taken for granted that appellee would ride with Hinton to go to work. Appellee met Hinton generally at a gasoline station of the Standard Oil Company in Casper and from there they drove to the Burke lease. The injury occurred some distance from Casper while Hinton was negotiating a curve and the Dodge truck went off the road into a borrow pit on the left side of the curve. The appellee herein alleged in the petition that Hinton was guilty of gross negligence. The trial court, however, found that there was not gross negligence but that the negligence of Hinton was merely ordinary negligence.

1. It is contended by counsel for the appellants herein that the proof must be in accordance with the allegations of the complaint. That, of course, is ordinarily true. But counsel seem to contend further that inasmuch as the plaintiff alleged that Hinton was grossly negligent in driving the Dodge truck, it was incumbent upon the plaintiff to prove that the negligence was gross and that he failed to do so. It is not necessarily true that a plaintiff must prove all of his allegations. It is stated in 71 C.J.S. Pleading § 522, pp. 1078, 1079:

"As a general rule no more need be proved, even though more be alleged, than enough to sustain the cause of action or defense relied on. In other words, only those allegations necessary to a recovery need be supported by proof. Surplusage in a pleading need not be proved. * * *"

We think, as hereinafter shown, that plaintiff and appellee has proved a cause of action herein. We do not think that it is true, as stated in the brief of counsel for appellants, that since plaintiff alleged gross negligence he in effect also alleged that he was a guest in the Dodge truck at the time that he was injured.

2. It is the contention of appellants herein that appellee was a guest when he rode in the Dodge truck and when he was injured on November 1, 1956, within the meaning of § 60-1201, W.C.S.1945, relating to the liability of an owner to a guest, as follows:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton mis-conduct contributed to the injury, death or loss for which the action is brought."

Counsel for appellants claim that since appellee was a guest he could not recover any damages unless the negligence of Hinton was gross, and the court having found that the negligence was not gross, but simple, it follows as a matter of law that appellants are not liable in this action.

When guest statutes were passed in various states some 30 or more years ago, automobiles were not as numerous as they are today. Many people at that time who did not own such a vehicle were glad when they received an invitation to ride in an automobile for their pleasure. At that time also, as is partially true today, there were many stragglers footing their way from place to place known as hitchhikers, and generous automobile drivers frequently picked them up and drove them to their destinations or at least a part of the way. When the legislatures enacted the guest statutes, they undoubtedly had in mind, primarily, situations such as above mentioned—situations involving purely social relations or purely relations of hospitality. As stated in Lawson v. Cole, 124 Ind.App. 89, 115 N.E.2d 134, 137, "It is true that under the guest statute the word 'guest' has more of social than business significance." But generous drivers often found themselves in difficulty if an accident should happen. As mentioned in Crawford v. Foster, 110 Cal.App. 81, 293 P. 841, 843:

"* * * the proverbial ingratitude of the dog that bites the hand that feeds him, found a counterpart in the many cases that arose, where generous drivers, having offered rides to guests, later found themselves defendants in cases that often turned upon close questions of negligence. Undoubtedly, the Legislature, in adopting this act, reflected a certain natural feeling as to the injustice of such a situation. * * *"

See also Knutson v. Lurie, 217 Iowa 192, 251 N.W. 147. So in Sullivan v. Davis, 263 Ala. 685, 83 So.2d 434, 435, 59 A.L.R.2d 331, 333, it is stated:

"* * * The so-called 'guest statute' was designed to provide relief for drivers of automobiles who had extended their hospitality to passengers, and

were then subjected to suit, under the common law, which held the driver responsible to his guests for a breach of duty to exercise ordinary care. * * *"

The time soon came, however, when courts were called upon to interpret the word "guest" when there was more than a purely social relationship existing between the driver and the person driven and injured. It has not always been easy to determine the status of the person driven, for, as stated in Sullivan v. Davis, supra, at 83 So.2d 436, 59 A.L.R.2d 334:

"* * * The commercial and social relationships that can exist between the driver of an automobile and his passenger are almost as numerous and varied as human activity itself. At one extreme we have the 'hitchhiker' guest who clearly falls within the purview of the statute. At the other extreme we have the passenger who pays the driver to be transported to a particular place and who is unquestionably beyond the scope of the statute. Between these two extremes the dividing line may at times become illusory and shadowy. * * *"

Hence, we find apparent discrepancies in the decisions of the courts.

An extensive annotation dealing with the matter of mutual business or commercial objects or benefits as to the status of a rider under an automobile guest statute is contained in 59 A.L.R.2d 336 to 365, and it is said at page 339:

"If the carriage of a person in a motor vehicle tends to promote the mutual commercial or business interests of the person carried and the driver, the passenger is not a guest within the meaning of guest statutes."

To the same effect is 5A Am.Jur. Automobiles and Highway Traffic § 514, pp. 552, 553; 4 Blashfield, Cyclopedia of Automobile Law and Practice, Perm.Ed., p. 307; and 60 C.J.S. Motor Vehicles § 399(5)b, p. 1011 et seq. We recognized this rule in the case of Fox v. Fox, 75 Wyo. 390, 296 P.2d 252. The Massachusetts court appears to have stated the rule somewhat more specifically and seems to cover a situation such as we find in the case at bar. In the case of Hanlon v. White Fuel Corp., 328 Mass. 455, 104 N.E.2d 424, 426, it was said that:

> " * * * One is not 'a gratuitous passenger if the benefits accruing to the driver from the transportation are not of a pecuniary nature but are in the form of some advantage other than that associated with mere companionship or social intercourse.' Howes v. Kelman, 326 Mass. 696, 699, 96 N.E.2d 394, 396."

See also 60 C.J.S. Motor Vehicles § 399 (5)a, p. 1009. It can hardly be doubted that some advantage accrued to the defendants herein for they were vitally interested in that the appellee should be at work on the Burke Ranch and that he should be at work promptly.

Illustrating the question involved in this case to some extent, we find it is held that a person riding in an automobile of another who wants the judgment of the former in the matter of buying cattle is not a guest of the latter within the meaning of the guest statute but a passenger. Kleinhesselink v. Porterfield, 76 S.D. 577, 83 N.W.2d 191. If a broker wants his secretary to familiarize herself for the broker's benefit with the land for sale by the broker, she is not a guest when riding in the broker's automobile but a passenger. Gillespie v. Rawlings, 49 Cal.2d 359, 317 P.2d 601. If a

person wants assistance of another in connection with domestic duties, the person whose assistance is sought is not a guest but a passenger in riding in the automobile of the person who seeks the assistance. Shapiro v. Bookspan, 155 Cal.App.2d 353, 318 P.2d 123. If a person is asked by another to help the latter in unloading watermelons, the former is not a guest when riding in the latter's automobile but a passenger. Christiana v. Rattaro, 81 Cal.App.2d 597, 184 P.2d 682.

In Annotation, 59 A.L.R.2d 336, 339, it is stated:

"In a majority of the cases in which the question has arisen it has been held that an employee being conveyed to or from his work in his employer's motor vehicle was being transported as a passenger rather than as a guest, such transportation involving the mutual objects or benefits of the employment. For the same reason, an employee riding in his master's vehicle in the performance of his duties is not a guest within the meaning of the guest statute."

This note was adopted as stating the law in 5A Am.Jur. Automobiles and Highway Traffic § 520, pp. 559, 560, where it is said:

"* * * Persons transported as an incident of their employment are usually not considered as guests within the meaning of these statutes even despite the fact that no payment is made."

Appellee, as above noted, was not technically an employee of the Atlantic Refining Company for he was paid by Robin and Thatcher who also paid into the Workmen's Compensation Fund of the state. Nevertheless, appellee's situation was similar to that of an employee. It was not essential that he should have been hired directly by the Atlantic Refining Company

for him to recover damages on account of the simple negligence of Hinton. That has been held in the case of Russell v. Parlee, 115 Conn. 687, 163 A. 404, a case which seems to control the decision of this case. The facts in that case, stated simply, were that the defendant, a woman, owned a farm which was worked for her by one Grant under an arrangement by which the defendant received a part of the produce grown on the farm. Grant hired the plaintiff to help him on the farm. The defendant drove them to her farm and her negligence injured the plaintiff. In that case, as in this, the plaintiff alleged gross negligence but the jury found the negligence to be simple. In a well-considered opinion the Connecticut court held the defendant liable for the damages inflicted upon the plaintiff by reason of her negligence and stated in part as follows at 163 A. 406:

"* * * Bearing in mind the objects which it may be assumed were within the legislative purpose in the enactment of this legislation, we are not prepared to say that the Legislature intended to deny a right of recovery for negligence to a passenger in an automobile unless there was, by bargain between the parties, a consideration for the transportation moving to the owner or operator. The person transported is not a guest within the meaning of the statute if the transportation is for the mutual benefit of both parties, and in determing whether it was for their mutual benefit the relationship between the parties to which it was an incident may be considered. Kruy v. Smith, supra [108 Conn. 628, 144 A. 304]. The relationship must be definite and the benefit tangible (Leete v. Griswold Post No. 79, American Legion, supra [114 Conn. 400, 158 A. 919]), but it is not required that the relationship be such that the benefit accruing is the consideration for the transportation agreed upon by the parties. See Loftus v.

Pelletier, 223 Mass. 63, 111 N.E. 712; Lyttle v. Monto, 248 Mass. 340, 142 N.E. 795.

> "The arrangement between the defendant and Grant created an identity of interest between them in the cultivation of the garden, and the transportation of the plaintiff contemplated a benefit to her by expediting the necessary work in her garden, though the actual wages of the plaintiff were to be paid by Grant instead of herself. * * *"

Counsel for appellants contend that the case at bar is distinguished from others by reason of the fact that there was a specific agreement between the Atlantic Refining Company and Robin and Thatcher that the latter should transport the plaintiff and appellee to his work for and on behalf of the Atlantic Refining Company. The record does not show that appellee had any knowledge of any such specific agreement, but aside from that, it is difficult to see that the benefit involved in the case at bar would in any manner whatever be diminished or changed by reason of any such agreement. The corporation still was interested to have the appellee at work and have him there promptly. We are inclined to believe that the trial court was fully justified under the facts herein to find that appellee was a passenger rather than a guest at the time he was injured.

The judgment of the trial court, accordingly, is affirmed.

Affirmed.