Susan HERRING, a minor, by her next friend, Paul Herring, and Paul Herring, Appellants (Plaintiffs below),

v.

Judith G. COOSE, Appellee (Defendant below).

No. 3619.

Supreme Court of Wyoming.

Nov. 27, 1967.

———◆———

Carl L. Lathrop and David D. Uchner, Lathrop, Lathrop & Uchner, Cheyenne, for appellants.

Alfred M. Pence, of Pence & Millett, Laramie, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Action was brought by Paul Herring and his wife, Susan, to recover damages for injuries received by Mrs. Herring as a passenger in an autmobile operated by Judith G. Coose. Based upon the pleadings and depositions of the parties and Richard Coose, husband of defendant, motions for summary judgment were filed, first by defendant, then by plaintiffs. The latter's motion was denied and defendant's granted, summary judgment being entered in her favor. Plaintiffs have appealed, arguing that Mrs. Herring was in fact a paying passenger within the meaning of § 31–233, W.S.1957, and that therefore the decision of the district court should be reversed and a trial had on the question of defendant's negligence.

The accident occurred on Thursday, October 7, 1965, at about 4:30 p. m., north of Rock Springs, Wyoming. Susan Herring, who could not drive, and Judith Coose, accompanied by the two Coose children, were en route from Encampment to Big Piney where they were to visit with Mrs. Herring's brother-in-law and family, who were also friends of the Cooses. A day or two earlier Paul Herring and Richard Coose had left Encampment and were at the time of the accident sheep hunting in the Dubois area. The men had used a truck, owned by Herring's parents (horses and hay to feed them were also taken from his parents' ranch and transported in the truck, as well as the usual camping gear). Before the men had left they agreed Herring would pay the expenses on the truck but each would pay half their "grub" bill. According to Mrs. Coose, just before her husband left "he just told me if I took care of my expenses on our car [a 1965 Volkswagen station wagon] then Paul would take care of the gas and expenses on his vehicle—the

truck." The men were to call their wives at Big Piney on Sunday, October 9, and at that time they were to decide how they would proceed back to their homes in Encampment. All agreed that the trips had no purpose other than social.

Appellants' position in the appeal before us is that as a matter of law Mrs. Herring was a paying passenger in the Coose vehicle, was not a guest within the meaning of the Wyoming law, and was entitled to recover upon her allegations of ordinary negligence. Appellee's philosophy is that under the circumstances here present, "there must be a motivation of gain on the part of the driver to take the case out of the guest category, and that there must be a business aspect of a nature resulting in benefit, or the paying passenger status does not mature." Both parties cite many authorities in support of their positions; however, it would accomplish little to analyze these in view of the situation in this field which is well summed up in 2 Harper and James, Law of Torts, pp. 960–961 (1956):

" * * * The most serious conflict [in cases] appears * * * where the expenses or other burdens of the trip are shared by the occupant. It seems clear that there must at least be a prearrangement before this will alter the guest's status—the mere payment for gas and oil * * . * will be regarded as a matter of courtesy only, where the trip itself is predominantly social. Some courts require in addition that the prearrangement be legally binding. It has been suggested that an arrangement should be regarded as merely social unless the occupant's contribution at least equals his share of the expenses. Several courts, on the other hand, have taken the more liberal view that any bona fide prearrangement for sharing expenses * * * may take the occupant out of the guest category.

Other factors also are often considered, such as the relationship between the parties. Thus if the parties are close friends or members of the same family the courts are more likely to find the occupant a guest.

"If on the whole evidence the facts, the inferences from them, or the evaluation of them, leave the issue in doubt (under the guiding rules adopted in the jurisdiction), the question whether the occupant is a guest will be left to the jury."

(Good general statements of the applicable law are to be found in 4 Blashfield, Part 1, Cyclopedia of Automobile Law and Practice, p. 306 ff. (1946); 8 Am.Jur.2d, Automobiles and Highway Traffic § 475; and cases on the subject are annotated at 155 A.L.R. 575.)

This court has not previously been called to pass upon circumstances similar to those disclosed but has to an extent indicated its philosophy concerning the applicability of the guest statute, "When the legislatures enacted the guest statutes, they undoubtedly had in mind, primarily, * * * situations involving purely social relations or purely relations of hospitality."[1] Accordant with this statement and considering what appears to be the majority view of courts which have interpreted guest statutes, the question to be answered here is whether the inducing cause of the transportation was the friendship of the parties or whether the motivating factor of the invitation to ride was the expectation of benefit. In view of the circumstances, we conclude that the motivating factor of the invitation was not the expectation of benefit and that the financial arrangements were nothing more than a matter of hospitality. Accordingly, we must hold the trial court to have been correct in granting the summary judgment.

Affirmed.

1. Hinton v. Wilmes, 80 Wyo. 360, 343 P.2d 201, 203.