No. 46,424

SUSAN CHINN, A Minor, *Appellant,* v. JANA LINDSAY, A Minor,
*Appellee.*

(499 P. 2d 1074)

Opinion filed July 19, 1972.

*James D. Howell, Jr.* and *James D. Howell, Sr.,* of Overland Park, were on the brief for the appellant.

*Barton Brown* and *Frank Saunders, Jr.,* of Overland Park, were on the brief for the appellee.

*Per Curiam:* Susan Chinn (plaintiff-appellant) brought this action for damages sustained as a result of personal injuries received while riding as a passenger in an automobile driven by Jana Lindsay (defendant-appellee). The trial court sustained appellee's motion for summary judgment on the ground that the plaintiff was a guest and therefore barred from recovery under K. S. A. 8-122b. On October 22, 1969, the appellee requested the appellant to go with her to the Memorial Building in Kansas City, Kansas, from their home in Johnson County, Kansas, so that appellee might purchase tickets to an entertainment, one ticket being for herself, the other being for her boyfriend. She asked the plaintiff-appellant to accompany her so as to give her some guidance as to the directions to take to reach the Memorial Building. On the way to the Memorial Building, the parties discussed certain streets and certain signs indicating the proper route to follow. The two parties were acquainted with each other, and Susan had ridden on one occasion with Jana to the Metcalf Shopping Center. Susan claims that her giving of directions was a benefit to Jana sufficient to take the case out of the guest statute and that it provided a substantial consideration for the trip. In *Gorelick v. Ernstein,* 200 Kan. 619, 438 P. 2d 93, and in *Rothwell v. Transmeier,* 206 Kan. 199, 477 P. 2d 960, we held that where sociability is the motivating cause of the transportation, the guest rule of K. S. A. 8-122b applies even though the host driver might receive some incidental trifling benefit from the presence of his guest during the trip. The rationale of *Gorelick* and *Rothwell* is

controlling in the case at bar and requires the application of K. S. A. 8-122b.

The trial court properly sustained the motion for summary judgment and the judgment of the trial court is affirmed.