Sunny Y. HALEY, Appellant
(Defendant below),

v.

Wanda DREESEN, Appellee
(Plaintiff below).

No. 4420.

Supreme Court of Wyoming.

March 5, 1975.

Rex O. Arney, and Tom C. Toner, of
Redle, Yonkee & Arney, Sheridan, for ap-
pellant.

John E. Stanfield, of Smith, Stanfield & Mendicino, Laramie, for appellee.

Before McEWAN,* C. J., and GUTHRIE, McCLINTOCK, RAPER and THOMAS, JJ.

McCLINTOCK, Justice.

Sunny Y. Haley appeals from the judgment of the District Court of Campbell County, Wyoming entered upon jury verdict against her and in favor of Wanda Dreesen.[1] The recovery was for damages for injuries suffered by plaintiff when an automobile owned and operated by defendant and in which plaintiff was a passenger went out of control and left the highway.

Two questions are raised by the appeal: The propriety of an instruction given by the trial court relating to plaintiff's status as a guest within the meaning of § 31-233, W.S.1957, C.1967; and the propriety of the admission into evidence of facts relating to defendant's plea of guilty to traffic violation, the charge in which was filed as an aftermath of the accident.

The accident occurred on the return portion of a round trip from Cheyenne to Lusk on March 8, 1971. At the time of the accident defendant was driving the automobile which belonged to her, plaintiff was in the right front seat, and Sean, defendant's five-year-old son, was in the back seat. The accident appears to have occurred when defendant's attention was diverted from her driving to a problem of Sean's who "sang out" that he had gotten his fingers caught in the course of attempting to lower the headrest on the back of plaintiff's seat. While her attention was so diverted defendant's car came close to going off the road on the right side; she then pulled it to the left, but lost control so that it went into the borrow pit on the left side of the road, proceeding thence for some distance, partly in the air, and coming to a stop, still in the borrow pit, facing the direction from which it had been proceeding.[2]

Defendant had been employed by plaintiff's sister in a restaurant at Lusk which on March 8 was closed down for repairs, and was then unemployed and drawing benefits under the state employment security law. On March 7 she had returned from a ten-day bus trip to Iowa, during which time Sean had remained under the care of plaintiff at her home in Cheyenne. It is not disputed that the primary purpose of the trip to Lusk was for defendant to obtain her current unemployment check and to refile for further benefits. Plaintiff went along, as she testified, "to help take care of Sean. And I didn't want to go and she talked me into going. She didn't like to drive with him because he's hyperactive and is hard to handle in the car, so I went." On cross examination she was asked if she was not also motivated in the trip because she did not want Sean to get in the way of remodeling at her sister's home. Plaintiff replied that she did not know the extent of the remodeling but Sunny (defendant) did and "she was worried about what he would get into and the damage he might cause." To the question, "And you thought you should go along so that you could watch out for him?" she replied, "I didn't think I should go. Sunny thought that I should go and watch him."

Defendant's testimony showed mostly a lack of recall. To the question whether she recalled any agreement with her mother relative to the trip, she replied that she did not. She could not recall whether she had specifically asked her mother to accompany her. She did not remember how her mother came to be with her on that occasion. She could not say one way or the

---

* Now judge of the Fourth Judicial District.

1. Mrs. Dreesen will hereinafter be referred to as plaintiff, and Mrs. Haley as defendant.

2. Plaintiff has contended in this Court that there was sufficient evidence to justify a verdict of gross negligence on the part of the defendant. Under the view we take of the case it is not necessary to go into this contention. Neither is the extent of plaintiff's injuries or the amount of the verdict questioned on appeal.

other as to whether there was an agreement as to the payment of the expenses of the trip. To the question whether she expected to receive any benefit from her mother as a result of giving her this ride she said, "No," but to the question whether it was not "a fact that your mother went along on the trip to watch Sean" she replied, "I don't recall," and conceded that could be the situation. She went on to testify that she had taken Sean on trips without a third person being present and that he was good in the car.

■ Citing cases[3] holding that the benefit to the driver was merely social and not material, defendant contends that where a passenger has been injured, he or she is a "guest without payment for such transportation" within the meaning and purpose of § 31–233, W.S.1957, C.1967, unless a substantial, definite, and tangible benefit in a material or business sense results to the driver, and the transportation must be motivated and induced by the expectation of this type of benefit. While this Court has previously indicated that if the purpose of the trip is purely social the relation of the passenger to the driver is that of guest, Herring v. Coose, Wyo., 434 P.2d 351 (1967) it has also indicated that it is not necessary, in order that a passenger be removed from guest status, that a pecuniary benefit be conferred upon the driver by the passenger, Fox v. Fox, 75 Wyo. 390, 296 P. 2d 252 (1956). In Hinton v. Wilmes, 80 Wyo. 360, 343 P.2d 201, 204 (1959), in the course of discussion of cases bearing upon what is a gratuitous passenger, we said:

"If a person wants assistance of another in connection with domestic duties, the person whose assistance is sought is not a guest but a passenger in riding in the automobile of the person who seeks the assistance." (Citing Shapiro v. Bookspan, 155 Cal.App.2d 353, 318 P.2d 123.)

The distinction between social guest and passenger is outlined in Getchell v. Reilly, 242 Ore. 263, 409 P.2d 327, 328 (1965), by

reference to 2 Harper and James, The Law of Torts 958 (1956), where it is said:

"On the other hand, ' "Guest" should be defined so as to include only those who ride gratuitously in every substantial sense. It should exclude those who ride with the host for a common purpose (other than pleasure), or primarily as a favor to the host (though not in the way of business) * * *.' "

We do not interpret defendant's argument in this Court as a rejection of that principle nor to argue that there was no evidence before the jury which would justify it in finding that there was in this case a substantial and material benefit to the defendant. The error of the trial court is said to lie only in its failure to explain to the jury what benefits could be considered by the jury as taking plaintiff out of the guest status.

We first note that defendant's requested Instruction E would have told the jury that a person is a guest when he is there at the invitation of the driver and "if he accepts the invitation without making or having agreed to make payment for such transportation" without further information as to what could be considered a payment or the equivalent thereof. Instruction 8A, as given by the trial court, is essentially the same as this, except that there are added thereto the words "or unless the driver received benefit therefrom." Defendant's objection to the refusal of Instruction E was that "it correctly sets forth a definition of guest under the Wyoming statute and case law," and her objection to giving Instruction 8A and that portion thereof, "or unless the driver received benefit therefrom" was on the ground that "such language is not sufficiently definitive so as to be readily understood by the jury."

Rule 51, W.R.C.P. provides in pertinent part:

"[A]ny party may file written requests that the court instruct the jury on the law as set forth in the requests. * * *

3. Ross v. McNeal, Iowa, 171 N.W.2d 515 (1969); Burrow v. Porterfield, Ohio, 168 N.E.2d 137 (1960); Chinn v. Lindsay, 210 Kan. 90, 499 P.2d 1074 (1972).

No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of the objection."

■ It has been said in 5A Moore's Federal Practice § 51.04, p. 2521, that the spirit and purpose of Rule 51 "is to inform the trial judge of possible errors so he may have an opportunity to correct them. [Citing numerous authorities.]" When an assignment of error is premised upon an objection to an instruction which has been given the record must contain a clear statement, defining the matter objected to and explaining the grounds of the objection, sufficient to inform the trial judge of possible errors so he may have an opportunity to correct them. While this latter situation does not always require the submission of the objecting party's version of a proper instruction, if his objection is to the form or language of an instruction, rather than to the propriety of giving any instruction on the issue, the best way to inform the court of his position is by the submission of his suggested language, in writing if possible.

In Pure Gas and Chemical Company v. Cook, Wyo., 526 P.2d 986, 990–991 (1974) we held that an objection to instruction "as being superfluous and not adding anything to the statement of the law and tends to confusion in the understanding of the instruction" was not one "stating distinctly the matter to which he objects and the grounds of the objection" and does not indicate "with definiteness and particularity the error asserted." In Texas Gulf Sulphur Company v. Robles, Wyo., 511 P.2d 963, 969 (1973), after pointing out that the trial court had given appellant adequate opportunity to submit proper instructions, but without avail, we said:

"This court has heretofore observed that the parties not only have this right but this duty, and in the absence of submission of a proper written instruction they are deemed to have waived the claimed error * * *." (Citing Logan v. Pacific Intermountain Express Company, Wyo., 400 P.2d 488, 492 (1965).)

■ We cannot rid ourselves of the impression that defendant was attempting to present the cause to the jury on the theory that payment meant payment in cash or the equivalent, such as paying expenses of the trip, and that only when she gets into this Court is she willing to concede that there are some intangible benefits which may be conferred upon the driver by the passenger and have the effect of taking the latter out of guest status. Certainly defendant did nothing by her proposed instruction and objection to the instruction as given to inform the trial court of her theory of the case as now outlined to this Court. We hold that the defendant has not properly complied with the requirements of Rule 51 and may not now assert defects in the instructions not brought to the attention of the trial court.

■ We cannot agree with counsel that failure of the trial court to amplify upon the meaning of benefit constituted prejudicial error. By Instruction 8A the jury were instructed that plaintiff would not be a guest if defendant received a benefit from having her mother as a passenger. There was adequate and virtually uncontradicted evidence that Sean was a difficult child, and whether or not plaintiff was to be compensated for her services in taking the trip the jury could certainly have found that having a third person in the car, well acquainted with and enjoying the confidence of the boy, could be of material benefit to the mother of that boy. Without going to the point suggested by plaintiff that there was no evidence upon which reasonable men could differ as to the material benefit conferred by plaintiff by taking this trip, so that the question of guest should not have been submitted to the jury, we cannot hold that the jury were so misled by the instruction as to reach an improper verdict.

■ Proceeding to defendant's next contention, that it was prejudicial error to admit evidence of defendant's plea of guilty to a charge of driving too fast for

the conditions, defendant's counsel refer to our earlier case of Friesen v. Schmelzel, 78 Wyo. 1, 318 P.2d 368, 371 (1957), in which, after stating that evidence of arrest or even conviction of the driver of a motor vehicle is inadmissible in an action to recover damages, with citation of authority, the opinion continues:

> "Such rule is subject to an exception if the evidence embraces an admission of one of the parties, but there is no claim of admission in this instance." [4]

Because there was no admission in that case counsel contend that the statement of the exception is dicta and therefore not of precedential value in this case. Counsel also refer to Loehrer v. Harclerode, 10 Cir., 367 F.2d 883, 887 (1966), where that court said:

> "If the defendant did in fact enter a plea of guilty to reckless driving, evidence thereof was admissible under Wyoming case law as an admission against interest."

In the federal case the question was whether a plea of guilty had in fact been entered, and the Court of Appeals ruled that it had not, so this is again referred to by counsel as dicta. They are probably correct in this position, and two other Wyoming cases not cited by them, Severin v. Hayes, Wyo., 372 P.2d 1017 (1962), and Smith v. Blair, Wyo., 521 P.2d 581 (1974), are also not direct rulings on the question. However, the first of these cases is, we think, a holding that a plea of guilty to reckless driving and driving while under the influence had evidential weight. In the second case, the fact that defendant had entered a plea of guilty to a charge of following too closely was mentioned without indication that we found this objectionable.

We therefore conclude that, whether or not by way of dicta, this Court has for some years recognized the proposition that a plea of guilty to violation of a traffic statute is admissible. Counsel, however,

claim that this is specifically prohibited by § 31–241, W.S.1957, C.1967, which states that, "No evidence of the conviction of any person for any violation of this act shall be admissible in any civil action." This section was adopted by ch. 225, § 154, S.L. of Wyoming, 1955 as part of our Uniform Act Regulating Traffic on Highways. It is further contended and authorities are cited stating that "The term 'conviction' is also generally considered to include a plea of guilty as well as a finding of guilty after trial." Warren v. Marsh, 215 Minn. 615, 11 N.W.2d 528, 531. (1943).

We must reject the concept that a plea of guilty and a conviction are the same thing. A conviction is the final result of an accusation, determination of the fact by trial or plea of guilty, and the judgment and sentence of the court. In the case of a trial of the fact the defendant has admitted nothing; when he pleads guilty to the charge he has made an admission against interest, and this we think is the basis of those decisions permitting such plea to be used in the civil action.

We do not attempt to fix the limits of the Minnesota decision although it does seem to us to distinguish between pleas of guilty in minor matters and in felony matters. It is said to be common knowledge that "often citizens will plead guilty to minor offenses under the traffic act rather than suffer loss of valuable time and the expense of a trial," 11 N.W.2d at 531. It is then said that apparently the legislature had this in mind in enacting its statute virtually identical with § 31–241, W.S.1957, C.1967.

Counsel also cite Rule 803(22), Rules of Evidence for United States Courts and Magistrates, in which it is provided that evidence of a final judgment "entered after a trial or upon a plea of guilty * * *, adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year" may be admissible.

---

4. Without attempting to make a numerical count of the decisions pro and con, admission of the plea of guilty as an admission against interest is supported by substantial authority.

See Annotation, 18 A.L.R.2d 1287. See also Renner v. Murray, N.D., 136 N.W.2d 794, 796 (1965) and Koch v. Elkins, 71 Idaho 50, 225 P.2d 457 (1950).

The Advisory Committee's comment on this particular subsection distinguishes between minor and major crimes in much the same manner as the Minnesota court, and cites that case:

> "Practical considerations require exclusion of convictions of minor offenses, not because the administration of justice in its lower echelons must be inferior, but because motivation to defend at this level is often minimal or nonexistent. * * * Hence the rule includes only convictions of felony grade, measured by federal standards." Rules of Evidence for United States Courts and Magistrates, p. 129.

■ Were this a matter of first impression before this Court we would question the propriety of this distinction. Without wishing to extend the trial burdens of the lower courts, we observe that those courts exist for the purpose of establishing guilt or innocence and that people who believe that they are not guilty should so plead; the effect of the plea should not be determined on the basis of expediency but on the question, has the defendant in the civil case previously made an admission against interest that is of probative value in the civil case?[5] If the defendant in the civil case wishes to avoid both the effect of an admission against interest and the burden of defending the traffic violation charge he has available the option of persuading the court to consent to a plea of nolo contendere under Rule 9(a), W.R.Cr.P.J.C. or Rule 15, W.R.Cr.P.

To accept the distinction proposed by defendant would in our judgment constitute a rejection of the legislative declaration as to the value of such pleas of guilty. Plaintiff cites § 6–13, W.S.1957, enacted as ch. 73, § 9, S.L. of Wyoming, 1890, entitled Crimes and Criminal Procedure. Unfortunately, defendant has not referred to or discussed this section, but we agree with plaintiff that it is most pertinent. The chapter contains 152 sections, the first twelve of which consist of definitions and general provisions. For example, offenses which may be punished by death or imprisonment in the penitentiary are defined as felonies; all others are misdemeanors. In subsequent sections a great number of offenses are considered, some of which are felonies and some of which are misdemeanors. Some misdemeanors carry possible imprisonment in the county jail. Some may only result in a fine. It is in this commingled context of misdemeanors and felonies that ch. 73, § 9, S.L. of Wyoming, 1890 (§ 6–13, W.S.1957) declares:

> "Nothing in this act contained shall be construed to prevent a party injured, in person or property, by any criminal act, from recovering full damages, but no record of a conviction, *unless the same was obtained by confession in open court,* shall be used as evidence in an action brought for such purpose." (Emphasis supplied.)

We must construe this statute as a legislative declaration that there is a distinction between conviction after trial and conviction after a plea of guilty, the latter constituting an admission against interest. It is then reasonable to assume that when the highway code was enacted prohibiting the use of *conviction* in the civil trial the legislature did not include *plea of guilty* therein. If we are now to construe § 6–13 as prohibiting use of pleas of guilty in civil suits growing out of violation of the traffic code, we have a dual system: People who are injured as the result of some small misdemeanor carrying a fine of $50 or $100 may use the plea of guilty; persons who are injured as the result of a traffic accident may not. A construction by this Court that conviction is not the same as a plea of guilty leaves the law entirely consistent. We therefore hold the second assignment of error is without merit.

The judgment is affirmed.

---

5. See Ando v. Woodberry, 8 N.Y.2d 165, 203 N.Y.S.2d 74, 168 N.E.2d 520 (1960), rejecting the argument that evidence of pleas of guilty should be rejected because innocent people so plead in order to avoid expenditure of time and money.